Teddy Wayne GARNER, Individually and as Independent Executor of the Estate of Edna Faye Long, Deceased, Appellant,

v.

ESTATE OF Edna Faye LONG, Deceased, Henry T. Long, Jr., Independent Executor of the Estate of Henry T. Long, Sr., Deceased, Appellee.

No. 2–01–002–CV.

Court of Appeals of Texas, Fort Worth.

July 19, 2001.

Rehearing Overruled Aug. 16, 2001.

---

**1.** *Thomas v. Oldham*, 895 S.W.2d 352 (Tex. 1995).

**2.** *Casa Ford, Inc. v. Ford Motor Co.*, 951 S.W.2d 865, 875–76 (Tex.App.—Texarkana 1997, pet. denied).

Garrett Morris, Fort Worth, for Appellant.

Bradley & Bradley, and Keith Bradley, Terry Bradley, Cleburne, Whitaker, Chalk, Swindle & Sawyer, L.L.P., Tom Harkins, Jr., Mack Ed Swindle, Fort Worth, for Appellee.

Panel A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

## OPINION

LIVINGSTON, Justice.

### INTRODUCTION

Teddy Wayne Garner, as independent executor of Edna Faye Long's estate, appeals the trial court's judgment in favor of Henry T. Long, Jr., independent executor of Henry T. Long Sr.'s estate. Henry T. Long (Henry Sr.) filed suit to construe Edna Faye Long's (Edna) will. In lieu of a trial, the parties stipulated to the facts and submitted briefs to the trial court. We affirm the trial court's judgment.

### BACKGROUND

Henry Sr. and Edna were married on October 7, 1982. During the marriage, the couple purchased a house at 6345 Juneau in Fort Worth, Texas (Juneau house). Edna died in July 1998, and her will was admitted to probate in September 1998. Her will gave Henry Sr. $30,000 and any automobiles she owned, as well as the

"right to live in and use our home located at 6345 Juneau, Fort Worth, Texas, which is *my separate property*, as long as he lives and wants to live there." [Emphasis added]. The bequest also directed all furnishings and equipment to remain in the house for Henry Sr.'s use for as long as he wants and continues to occupy the house.

In January 1999, Henry Sr. filed suit to have the will construed regarding Edna's characterization of the Juneau house as her separate property and for a declaration of his homestead rights.[1] In March 1999, appellant filed the inventory of Edna's estate listing the house as her separate property. Henry Sr. subsequently died in May 1999 and appellee, as the independent executor of his estate, substituted in for him in this suit. Thereafter, the parties stipulated to the facts and submitted position briefs to the court. In its final judgment, the trial court concluded that (1) just before Edna's death, the Juneau house was Edna and Henry Sr.'s community property; (2) Edna's will granted Henry Sr. a life estate in the Juneau house, as well as specific bequests of cash and automobiles, but did not change the community characterization of the Juneau house; and (3) Edna's will did not put Henry Sr. to an election to choose between his community property rights in the Juneau house or the cash and automobiles. Beyond the court's conclusions in its final judgment there are no formal findings of fact or conclusions of law.

## DISCUSSION

In appellant's sole point, he complains that the trial court erred in concluding that Edna's will did not put Henry Sr. to

an election to either accept his bequests according to the will or contest the will. Appellant argues that had the trial court found that the will put Henry Sr. to an election, then he would have been estopped from contesting it because he had already accepted its benefits.[2] In response, appellee argues that the will did not put Henry Sr. to an election, and thus he cannot be estopped from contesting the will for allegedly making an election.

■■■ An appellate court reviews trial court conclusions of law de novo as legal questions. *Piazza v. City of Granger*, 909 S.W.2d 529, 532 (Tex.App.—Austin 1995, no writ). A conclusion of law will not be reversed unless it is erroneous as a matter of law. *Id.* Even an incorrect conclusion of law will not require a reversal if the controlling findings of fact support a correct legal theory. *Id.*

■■■ According to the Texas Constitution, a surviving spouse may occupy the homestead during the spouse's lifetime without it being partitioned to the heirs of the deceased spouse until the survivor's death. TEX. CONST. art. XVI, § 52; TEX. PROB.CODE ANN. § 271 (Vernon Supp.2001), §§ 272, 284 (Vernon 1980). Because this probate homestead right belongs to a surviving spouse regardless of its community or separate property character, its characterization by the decedent is irrelevant. TEX. PROB.CODE ANN. § 282 (Vernon 1980).

[I]n order for the [devisee] to be put to an election, it must be determined by "manifest implication" that it was the [testatrix's] intention to exclude him from the enjoyment of the homestead

---

1. The petition also sought damages for trespass by Teddy Wayne Garner and reimbursement from him for rents, utility bills, maintenance costs, and ad valorem taxes.

2. Appellant does not challenge the trial court's classification of the Juneau house as community property. In fact, appellant concedes that Edna's statement in her will that it was her "separate property" does not change the ownership of the property.

rights. In other words, there must be such an inconsistency between the homestead rights as created by the Constitution and the property rights as created by the will that the enjoyment of one by [the devisee] will preclude the enjoyment of the other.

*Wicker v. Rowntree*, 185 S.W.2d 150, 153 (Tex.Civ.App.—Amarillo 1945, writ ref'd w.o.m.).

Here, we cannot say that Edna intended to exclude Henry Sr. from enjoying his homestead rights. Her grant of a life estate to Henry Sr. is consistent with his homestead right. Because the two are consistent, Edna's will does not force Henry Sr. to elect between his homestead rights or the cash and automobiles. The trial court correctly concluded that Henry Sr. could enjoy his homestead rights and take the $30,000 and automobiles bequeathed to him by Edna's will. We overrule appellant's issue.

## CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgment.