Teddy Wayne **GARNER, Individually and as Independent Executor of The Estate of Edna Faye Long, Deceased, Appellant,**

v.

Henry T. **LONG, Jr., Independent Executor of the Estate of Henry T. Long, Sr., Deceased, Appellee.**

No. 2–02–188–CV.

Court of Appeals of Texas, Fort Worth.

April 17, 2003.

Bakutis, McCully & Sawyer, P.C., Davis C. Bakutis, Fort Worth, for Appellant.

Bradley & Cain, L.L.C., Keith Bradley, Cleburne, for Appellee.

PANEL A: DAY, LIVINGSTON and DAUPHINOT, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

This is an appeal from a summary judgment granted to appellee, Henry T. Long, Jr. (Henry), as independent executor of Henry T. Long, Sr.'s estate. Appellant Teddy Wayne Garner (Teddy), independent executor of Edna Faye Long's estate, contends that the trial court improperly granted summary judgment because (1) the motion is legally insufficient; (2) the evidence in support of the motion is legally insufficient; (3) fact issues precluded the granting of the motion; and (4) the order granting the motion was barred by res judicata. We modify the trial court's judgment, affirm it as modified, and remand for recalculation of prejudgment interest according to the modified award.

## I. Factual Background

Edna Faye Long (Wife) and Henry T. Long, Sr. (Husband) married on October 7, 1982. Both had children from previous marriages and none from their union. Wife died in July 1998. The probate court admitted her will to probate, naming Teddy as the independent executor. Teddy then filed an inventory, appraisement, and list of claims with the probate court, which showed $300,000 of real property, consisting of the couple's home and a condominium as her separate property; $374,974.34 of her personal property consisting of furniture and fixtures, a Bank of America certificate of deposit totaling $62,974.34, a Bank of America certificate of deposit totaling $100,000, a Bank of America checking account totaling $100,000, and a NationsBank certificate of deposit totaling $100,000 (the four accounts) as her separate property; and $8,376.67 in cash and a vehicle as her personal community property. Her will gave Husband the right to use the home, the automobile, and $30,000 in cash. The probate court never approved Wife's inventory.

In January 1999, Henry, the son from Husband's previous marriage, acting through a power of attorney, filed an adversary proceeding against Wife's estate to have her will construed and to have the character of the home determined with a declaration of homestead rights for Husband. Husband died in May 1999, and Henry was appointed independent executor of his estate. Henry filed an inventory, appraisement, and list of claims in Husband's estate, and the court approved it on November 18, 1999. Husband's inventory claimed $375,118.61 cash in community property bank accounts. Four of these bank accounts were the same ones listed on Wife's inventory as her separate property.

On November 18, 1999, Henry filed his "First Supplemental Petition" in the adversary proceeding, requesting that the court issue a declaratory judgment that Wife's will did not put Husband to an election and that Husband's estate was entitled to retain his half of the community property. On December 14, 2000, after the parties submitted stipulated facts to the trial court, the trial court determined that (1) the home was community proper-

ty; (2) Wife's will granted Husband a life estate in the home as well as specific bequests of $30,000 in cash and automobile; and (3) Wife's will did not put Husband to an election; and (4) the order covered "any other matters presently pending." This court affirmed the trial court's ruling in July 2001, and the Texas Supreme Court has denied review. *Garner v. Long,* 49 S.W.3d 920 (Tex.App.-Fort Worth 2001, pet. denied).

On November 16, 2001, Henry filed a motion for summary judgment requesting that the trial court award him half of the sale proceeds of the home and interest accrued thereon, $30,000 in cash, and half of the $366,351.01 that was reported as Husband's and Wife's community property in Husband's November 18, 1999 order approving his inventory. These assets were not divided or addressed by the trial court's earlier December 2000 ruling. The trial court granted Henry's motion for summary judgment.

## II. Analysis

In one issue, Teddy challenges the trial court's granting of the motion for summary judgment in Henry's favor. He attacks the order on four bases: that the motion itself was legally insufficient; that the evidence in support of the motion was legally insufficient; that fact issues were raised that should have precluded the grant of the motion for summary judgment; and that Henry's motion was barred by res judicata. We will address each in turn.

### A. Res Judicata

■ Teddy argues that res judicata bars Henry's right to pursue a claim for the community one-half of the four accounts totaling $362,974.34 because the

December 14, 2000 order states that it considered "any other matters presently pending" and that "[a]ll further relief sought in this proceeding which is not granted is hereby denied." He claims that the supplemental petition pending before the court clearly shows that the issue of characterization of the four accounts was pending before the court, thus the trial court considered it. Henry responds that any res judicata argument is waived.

■ Texas Rule of Civil Procedure 94 states that in pleading to a preceding pleading, a party shall set forth affirmatively the defense of res judicata. TEX.R. CIV. P. 94. If a party fails to affirmatively assert the defense of res judicata, then any such claim is waived. *Dawson–Austin v. Austin,* 920 S.W.2d 776, 787 (Tex.App.-Dallas 1996), *rev'd on other grounds,* 968 S.W.2d 319 (Tex.1998), *cert. denied,* 525 U.S. 1067, 119 S.Ct. 795, 142 L.Ed.2d 657 (1999); *Green v. Doakes,* 593 S.W.2d 762, 764 (Tex.Civ.App.-Houston [1st Dist.] 1979, no writ).

Here, Teddy failed to raise res judicata as to the four accounts in his Fourth Amended Answer.[1] He cannot now attempt to raise the defense as it relates to the December 14, 2000 order previously appealed. Therefore, Teddy has waived his res judicata claim.

■ Furthermore, res judicata precludes relitigation of claims that have been finally adjudicated or that arise out of the same subject matter and that could have been litigated in the prior action. *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628 (Tex.1992). It requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or

---

1. We note that Teddy asserted res judicata as a defense in his Fourth Amended Answer as to a bank account in Granbury, Texas, but not to the four accounts at issue.

those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996). The December 14, 2000 order was a final judgment on issues of the status of homestead property and election under Wife's will. The community property character of the four accounts was not an issue before the court. Thus, it cannot be a "second action based on the same claim."

### B. Legal Sufficiency of Motion[2]

■ Teddy contends that Henry's motion for summary judgment is legally insufficient because it does not contain specific grounds for summary judgment. Henry responds that the motion clearly states the grounds upon which he sought summary judgment.

The Texas Supreme Court, in interpreting Texas Rule of Civil Procedure 166a, has held that grounds for summary judgment must be expressly presented in the summary judgment motion itself. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 339 (Tex.1993). Teddy argues that the motion does not state any basis for the contention that the four accounts are the Longs' community property. However, the motion specifically references the November 18, 1999 trial court order, which approved the inventory and appraisement in Husband's estate. Although the filed inventory of Husband's estate is not conclusive evidence of the character of the property listed, it is prima facie evidence of its character, which was not rebutted by Teddy. *See Krueger v. Williams,* 163 Tex. 545, 359 S.W.2d 48, 50 (1962); *see also Robles v. Robles,* 965 S.W.2d 605, 620–21 (Tex.App.-Houston [1st

Dist.] 1998, pet. denied) (op. on reh'g) (stating that inventory is not conclusive evidence of property's character). Henry sufficiently identified the property that was subject to the motion and identified his reliance on the order approving Husband's inventory and appraisement. *See* Tex.R. Civ. P. 166a. He also attached both the inventory and the order approving it as exhibits to his motion for summary judgment. Although Henry did not specifically list all four accounts, there is no requirement for such specificity under the rule, and his motion does clearly state the grounds upon which he sought summary judgment. *See id.*

■ Henry also attached an affidavit by Gary Estes, a certified public accountant, to his motion for summary judgment. That affidavit, and the exhibits attached to it, further established the character of Husband's property. Teddy challenges the affidavit of Gary Estes, contending it was not incorporated by reference in the motion for summary judgment. However, Teddy failed to specifically present this issue in his response to the motion for summary judgment. *See McConnell,* 858 S.W.2d at 341 (holding that unless the issue is specifically presented in the response, courts cannot look to the nonmovant's brief or evidence to determine whether that issue precludes summary judgment). Thus, he has failed to preserve this issue for review.

After considering Teddy's arguments, we hold that Henry's motion for summary judgment is not defective.

### C. Legal Sufficiency of Evidence Supporting the Motion

Teddy also argues that the evidence supporting the motion for summary judg-

---

**2.** Although Teddy calls his argument a challenge to the legal sufficiency of the motion, we consider his attack on the motion and affidavits here as one asserting defects in form.

ment is legally insufficient. Specifically, he contends that the two inventories and the order approving the Husband's inventory have no probative value on the characterization of the four accounts and that neither Henry's nor Estes's affidavits meet the requirements of rule 166a. TEX.R. CIV. P. 166a.

■ Teddy relies on *Adams v. Sadler* to argue that the probate court, by approving an inventory, does not determine the character of the property. 696 S.W.2d 690, 691–92 (Tex.App.-Austin 1985, writ ref'd n.r.e.). However, as mentioned previously, although the inventory of the estate filed in the probate court is not conclusive of the character of the property listed, it is prima facie evidence of the character, which was not rebutted by Teddy. *See Krueger*, 359 S.W.2d at 50; *Pryor v. Krause*, 168 S.W. 498, 502 (Tex.Civ.App.-El Paso 1914, writ ref'd) (holding that title to property, listed on an inventory, may be rebutted by proof that title was not in testator).

■ The order of a probate court is appealable, and a probate court can have multiple appealable orders. *See Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995); *Krueger*, 359 S.W.2d at 50 (holding that the order of the probate court was appealable); *Stubbs v. Ortega*, 977 S.W.2d 718, 721 (Tex.App.-Fort Worth 1998, pet. denied) (holding that to appeal a probate matter, it is not necessary that the order or judgment finally and fully dispose of the entire proceeding); *Anderson v. Anderson*, 535 S.W.2d 943, 944 (Tex.Civ. App.-Waco 1976, no writ) (stating that the order of a probate court approving or mod-

ifying an inventory is appealable). The supreme court has outlined the following test for determining finality of an order in a probate case:

> If there is an express statute, such as the one [in this case], declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Crowson*, 897 S.W.2d at 783. Here, there is no express statute that controls. Thus, the question becomes whether the order at issue "disposed of each issue raised in the pleadings for that proceeding, or whether the order conclusively disposed of that phase of the proceeding." *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex.App.-Austin 2000, pet. denied).

Because the court "approved and accepted" the order "in all things" on November 18, 1999, the order conclusively disposed of that phase of the proceeding. Thus, Husband's inventory became a final, appealable order.[3] Although Teddy filed a motion for the court to reconsider the approval of the inventory and appraisement, the court never ruled on the motion, and he never appealed. Since Teddy never appealed Husband's approved inventory, the court's determination is final and binding. *See Riggs v. Tech/III, Inc.*, 836 S.W.2d 302, 304 (Tex.App.-Dallas 1992, no writ) (holding that purpose of appellate deadlines is to set a time when a successful

---

**3.** Furthermore, because probate administration is a continuing process, its nature contemplates that future decisions must be based on intermediate decisions. *Estate of Navar v. Fitzgerald*, 14 S.W.3d 378, 379 (Tex.App.-El Paso 2000, no pet.). Interlocutory appeal is necessary to provide practical review of erroneous, controlling intermediate decisions before their consequences become irreparable. *Id.; see also Christensen v. Harkins*, 740 S.W.2d 69, 74 (Tex.App.-Fort Worth 1987, no writ).

litigant will know that judgment is final and no longer subject to further review or modification); *Richards Mfg. Co. v. Aspromonte*, 557 S.W.2d 543, 549 (Tex.Civ.App.-Houston [1st Dist.] 1977, no writ) (stating that there is "no essential difference between a case where a judgment has become final by failure to appeal, and one where the judgment has been affirmed on appeal"). Thus, Husband's inventory and appraisement remains prima facie evidence of its community character.

■ Next, we address Teddy's substantive complaints about the two affidavits. Teddy argues that Henry's affidavit contains a conclusory statement that the exhibits attached to his affidavit are "a clear indication that the monies of my father and step-mother had been co-mingled." Because Teddy failed to present this issue in his response, he has not preserved anything for this court to review. *See McConnell*, 858 S.W.2d at 341.

■ Teddy next complains about the affidavit of Gary Estes, the certified public accountant that Henry hired to prepare the inventory and appraisement of Husband's estate. He argues that the affidavit does not meet the requirements of rule 166a(c), which allows summary judgment based on uncontroverted testimonial evidence of an interested or expert witness if the evidence is clear, positive, and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. *See* TEX.R. CIV. P. 166a(c). Teddy specifically points to Estes's statement that "[i]t would be difficult, if not impossible, to trace the source of all certificates of deposit on hand at FAYE LONG's death. Some of them may be community property and some may not." He argues that this statement shows that the affidavit is not "clear, positive and direct, otherwise credible and free from contradictions." *Id.* Henry responds

that Teddy has attempted to take only a portion of Estes's analysis and present it as his conclusion.

■ To constitute competent summary judgment evidence, affidavits must be made on personal knowledge, setting forth such facts as would be admissible in evidence, and must affirmatively show that the affiant is competent to testify to matters stated therein. TEX.R. CIV. P. 166a(f); *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex.1996). Summary judgment may be based on uncontroverted evidence if that evidence is clear, positive, direct, free from contradictions, and could have been readily controverted. TEX.R. CIV. P. 166a(c); *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex.1989); *Montemayor v. Chapa*, 61 S.W.3d 758, 762 (Tex.App.-Corpus Christi 2001, no pet.). Affidavits supporting a motion for summary judgment must set forth facts, not legal conclusions. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984) (holding that affidavits containing conclusory statements unsupported by facts are not competent summary judgment proof); *Larson v. Family Violence & Sexual Assault Prevention Ctr.*, 64 S.W.3d 506, 514 n. 6 (Tex.App.-Corpus Christi 2001, pet. denied). "A conclusory statement is one that does not provide the underlying facts to support the conclusion." *Haynes v. City of Beaumont*, 35 S.W.3d 166, 178 (Tex.App.-Texarkana 2000, no pet.).

We hold that Estes's affidavit is uncontroverted, clear, consistent, positive, direct, free from contradictions, and will support the summary judgment. *See* TEX.R. CIV. P. 166a(c). The affidavit states Estes's education and background as a certified public accountant and his experience testifying as an expert in accountancy. He discusses a lengthy list of records that he reviewed in reaching his decisions concern-

ing the character of the marital property.[4] He further states that he and Teddy's accounting expert discussed the records and the methodology used to analyze the income during the Longs' marriage, and both agreed the approach was reasonable. Estes then proceeded to state his opinion concerning the character of the marital assets. Although Teddy tries to rely on one sentence to establish that the affidavit fails to meet the requirements of rule 166a(c), a complete reading of the affidavit proves otherwise. Estes states more than once that it is impossible from the records reviewed to maintain an assertion of separate property for either party concerning certain property because of commingling. Thus, we conclude that Estes's affidavit meets the requirements of rule 166a(c) and is sufficient to support a motion for summary judgment. *See id.; see also* TEX. FAM.CODE ANN. § 3.003(a) (Vernon 1998) ("Property possessed by either spouse during or on dissolution of marriage is presumed to be community property."); *Lukasik v. San Antonio Blue Haven Pools, Inc.*, 21 S.W.3d 394, 399 (Tex.App.-San Antonio 2000, no pet.) (stating that whether the testimony of an interested or expert witness satisfies this rule is decided on a case-by-case basis).

### D. Fact Issues

Teddy alleges that the trial court erred in granting summary judgment because multiple fact issues existed. Henry responds that the trial court properly granted summary judgment because Teddy failed to present any controverting affidavits as to the nature of the property.

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999); *Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282 (Tex.1996); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.*, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true. *Rhone–Poulenc*, 997 S.W.2d at 223; *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.*, 391 S.W.2d at 47. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *Clear Creek Basin*, 589 S.W.2d at 678.

Teddy first tries to argue that when Henry filed his motion for summary judgment, Henry had pleadings on file with the trial court that showed that multiple fact issues existed. However, pleadings are not competent summary judgment evidence, even if sworn or verified. *Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904

---

4. He attached a summary of the "voluminous records" to the affidavit.

S.W.2d 656, 660 (Tex.1995); *Hidalgo v. Sur. Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex.1971).

 Teddy also argues that Estes's affidavit raises fact issues. Summary judgment may be based on uncontroverted testimony of an expert witness as to a subject matter that the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive, and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. TEX.R. CIV. P. 166a(c). If an expert witness presents legally sufficient evidence to support a motion for summary judgment, the nonmovant must produce expert testimony to controvert it. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991); *Rallings v. Evans*, 930 S.W.2d 259, 262 (Tex. App.-Houston [14th Dist.] 1996, no writ).

After reviewing Estes's entire affidavit, we conclude that his conclusions concerning the commingling of the Longs' property are uncontroverted, clear, consistent, positive, direct, and free from contradictions. Furthermore, Teddy failed to produce any evidence to controvert Estes's affidavit. Estes's affidavit even states that the "Certified Public Accountant designated by the defendants in this case as an expert in the field of accounting came to my office ... and we had a discussion about the properties ... and all of the records were available to [him] at that time. At that time we discussed my methodology for analyzing income during the LONGS' marriage and we both agreed it was a reasonable approach." Teddy could have had his designated expert produce an affidavit to contradict Estes's findings and conclusions as to the character of the property; however, he did not. Thus, the trial court properly granted summary judgment based on the evidence before it.

### III. Modification of $30,000

 Although not presented as a separate point on appeal, Teddy argues that Henry stipulated that he had received the benefit of the $30,000 in cash bequeathed to him under Wife's will; however, he requested and received the same relief in his motion for summary judgment. Since Teddy raised the argument in his brief, we will address it. *See Sumerlin v. Houston Title Co.*, 808 S.W.2d 724, 726 (Tex.App.-Houston [14th Dist.] 1991, writ denied) (stating that appellate courts will consider arguments contained in the brief, even if it they are not listed as points or issues).

 When the parties originally tried this case, it was presented to the court based on stipulated facts and position briefs submitted by each party. The parties stipulated that "Plaintiff has received the use and benefit of the $30,000.00 and automobiles specifically bequeathed to him under the Edna Faye Long Will." In Henry's motion for summary judgment, he requested $227,587.82, which included the sum of one-half of the total cash community property of $366,351.01, one-half of the proceeds from the sale of the home, and the $30,000 in cash bequeathed under Wife's will. The trial court granted Henry's requested relief of $277,587.82, which included the $30,000 in cash already stipulated to by both parties.

 When parties stipulate to specific facts, such agreements are binding upon the parties, trial court, and court of appeals. *See Geo–Western Petroleum Dev. Inc. v. Mitchell*, 717 S.W.2d 734, 736 (Tex. App.-Waco 1986, no writ). Because Henry stipulated to using and receiving the benefits of the $30,000 in cash, the trial court improperly included it in the summary judgment relief. Thus, we modify the judgment to exclude the $30,000 in cash already used and received and conclude

that Henry should have received $247,587.82. *See* Tex.R.App. P. 43.2(b) (court of appeals may modify the trial court's judgment and affirm it as modified), 43.6 (allowing the court of appeals to make any other appropriate order that the law and nature of the case require).

## IV. Conclusion

Having overruled Teddy's sole point, we modify the trial court's judgment, affirm the trial court's judgment as modified, and remand for a recalculation of prejudgment interest according to the modified award.