

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-058-CV

PATRICK GILLIS                                                    APPELLANT

V.

MBNA AMERICA BANK, N.A.                                           APPELLEE

-----------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

-----------

## MEMORANDUM OPINION[1]

-----------

This is a suit to confirm an arbitration award in appellee MBNA America

Bank, N.A.'s favor after appellant Patrick Gillis defaulted on a credit card

account.  In two issues, Gillis challenges the summary judgment on the grounds

that (1) the trial court granted summary judgment on a cause of action that was

never pled and (2) appellee's suit is barred by res judicata.  We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## Background

On December 28, 2006, appellee sued Gillis in County Court at Law Number One to confirm an arbitration award of $24,255.87 in appellee's favor as a result of Gillis's defaulting on credit card payments. Gillis filed an unverified answer, alleging the affirmative defenses of waiver, laches, and statute of limitations. Appellee filed a motion for summary judgment on October 24, 2007, along with an affidavit and business record showing that Gillis had failed to timely respond to appellee's request for admissions; appellee claimed that it was entitled to summary judgment based on those deemed admissions.

In its motion for summary judgment, appellee described the suit as a "suit on an account, plus interest, attorney's fees, and costs of court." In his response to the motion, Gillis specially excepted to paragraphs I–IV of the motion on the ground that appellee never pled a "suit on debt and attorney['s] fees" in its original petition. He also resisted summary judgment on that ground and on the ground that a suit on account was barred by res judicata as it had already been litigated in the arbitration. Gillis further contended that there is a genuine issue of material fact as to whether he owed a debt to appellee and whether the statute of limitations bars appellee's suit because it had been more than four years since he incurred the original debt. Finally, Gillis asked for a

2

continuance to obtain counsel because he did not understand the discovery deadlines. However, he did not ask to withdraw the deemed admissions. *See* Tex. R. Civ. P. 198.3 ("A matter admitted under this rule is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission.").

The trial court held a hearing on the motion on December 7, 2007. Having "considered the pleadings and official records on file in [the] cause," the trial court rendered summary judgment for appellee in the amount of $24,255.87 as the balance due on the account, plus court costs and interest of 7.5%. The judgment states that it is "appealable and finally disposes of all parties and all claims in [the] cause of action."

## Analysis

In his first issue, Gillis contends that the trial court granted summary judgment on an unpled cause of action, suit on an account. Although pleadings are not competent summary judgment proof, a motion for summary judgment must be supported by the pleadings on file, and the final judgment of the court must conform to those pleadings. *Elite Towing, Inc. v. LSI Fin. Group*, 985 S.W.2d 635, 641 (Tex. App.—Austin 1999, no pet.); *Krull v. Somoza*, 879

S.W.2d 320, 322 (Tex. App.—Houston [14th Dist.] 1994, writ denied).[2] A trial court may not grant a summary judgment on an unpled cause of action. *McDuff v. Chambers*, 895 S.W.2d 492, 496 (Tex. App.—Waco 1995, writ denied).

Here, the original petition alleges that the parties entered into an agreement for appellee to extend credit to Gillis, which he agreed to repay monthly, and that any disputes would be resolved by arbitration. It further states that appellee "hereby sues [Gillis] for confirmation and enforcement of an arbitration award entered against [Gillis] which remains unpaid." Attached to the petition are a copy of the arbitration award and an affidavit from appellee's business records custodian averring that Gillis is "truly and justly indebted to [appellee] by virtue of a balance due and owing on an arbitration award entered in favor of [appellee] and against" Gillis.

Although appellee's motion for summary judgment does not specifically state that appellee sought a judgment confirming the arbitration award, it does contend that appellee is entitled to judgment "as prayed for in [appellee's]

---

[2] The contentions in the written motion for summary judgment are what the court must consider in determining whether to grant the motion. *City of Houston v. Clear Creek Basin Auth*., 589 S.W.2d 671, 678 (Tex. 1979); *Elite Towing*, 985 S.W.2d at 641; *see* Tex. R. Civ. P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor.").

Original Petition." Specifically, it begins, "This cause is a suit on an account, plus interest, attorney's fees, and costs of court, as shown in [appellee's] Original [P]etition on file in this cause, which petition is incorporated into this motion as if set out verbatim herein." The motion directs the trial court specifically to the deemed admissions as the proof supporting appellee's entitlement to summary judgment. The deemed admissions include admissions that appellee obtained an arbitration award against Gillis, that Gillis failed to pay the award, that Gillis failed to object to or move to vacate the award within ninety days, and that appellee "should recover judgment as requested in its pleadings." Furthermore, the arbitration award is based on the arbitrator's finding that Gillis owed a debt to appellee and the award includes amounts for attorney's fees and interest.

Appellee's pleadings provide fair notice to Gillis of appellee's claim: confirmation of an arbitration award based on a debt owed by Gillis to appellee. And although appellee's motion for summary judgment never expressly states that appellee's claim is to confirm an arbitration award, it is clear from the motion that it is based on appellee's claim in its original petition. *See Garner v. Long*, 106 S.W.3d 260, 265 (Tex. App.—Fort Worth 2003, no pet.). Accordingly, we conclude and hold that the trial court did not err by granting summary judgment on an unpled cause of action. *See id.*; *Langston v. Eagle*

5

*Pub. Co.*, 719 S.W.2d 612, 628 (Tex. App.—Waco 1986, writ ref'd n.r.e.) (op. on reh'g). We overrule Gillis's first issue.

In his second issue, Gillis claims that appellee's suit to confirm the arbitration award is barred by res judicata. However, Gillis did not file a verified pleading raising res judicata as an affirmative defense. Accordingly, he failed to preserve that claim. *See* Tex. R. Civ. P. 94; *Garner*, 106 S.W.3d at 264. Moreover, a suit to confirm a previously litigated arbitration award for the purpose of transforming that award into an enforceable judgment is expressly permitted by statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.087 (Vernon 2005); *Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 429 (Tex. App.—Dallas 2004, pet. denied). Accordingly, we overrule Gillis's second issue.

**Conclusion**

Having overruled Gillis's two issues, we affirm the trial court's judgment.

TERRIE LIVINGSTON
JUSTICE

PANEL: CAYCE, C.J.; LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED: January 8, 2009