COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-058-CV

 

 

PATRICK GILLIS                                                                  APPELLANT

 

                                                   V.

 

MBNA AMERICA BANK, N.A.                                                   APPELLEE

 

                                              ------------

 

         FROM COUNTY
COURT AT LAW NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

This is a suit to confirm an arbitration award in
appellee MBNA America Bank, N.A.=s favor
after appellant Patrick Gillis defaulted on a credit card account.  In two issues, Gillis challenges the summary
judgment on the grounds that (1) the trial court granted summary judgment on a
cause of action that was never pled and (2) appellee=s suit
is barred by res judicata.  We affirm.








Background

On December 28, 2006, appellee
sued Gillis in County Court at Law Number One to confirm an arbitration award
of $24,255.87 in appellee=s favor as a result of Gillis=s
defaulting on credit card payments. 
Gillis filed an unverified answer, alleging the affirmative defenses of
waiver, laches, and statute of limitations. 
Appellee filed a motion for summary judgment on October 24, 2007, along
with an affidavit and business record showing that Gillis had failed to timely
respond to appellee=s request for admissions;
appellee claimed that it was entitled to summary judgment based on those deemed
admissions.








In its motion for summary judgment, appellee
described the suit as a Asuit on an account, plus
interest, attorney=s fees, and costs of court.@  In his response to the motion, Gillis
specially excepted to paragraphs IBIV of
the motion on the ground that appellee never pled a Asuit on
debt and attorney[=s] fees@ in its original
petition.  He also resisted summary
judgment on that ground and on the ground that a suit on account was barred by
res judicata as it had already been litigated in the arbitration.  Gillis further contended that there is a
genuine issue of material fact as to whether he owed a debt to appellee and
whether the statute of limitations bars appellee=s suit
because it had been more than four years since he incurred the original
debt.  Finally, Gillis asked for a continuance
to obtain counsel because he did not understand the discovery deadlines.  However, he did not ask to withdraw the
deemed admissions.  See Tex. R.
Civ. P. 198.3 (AA matter admitted under this
rule is conclusively established as to the party making the admission unless
the court permits the party to withdraw or amend the admission.@).

The trial court held a hearing on the motion on
December 7, 2007.  Having Aconsidered
the pleadings and official records on file in [the] cause,@ the
trial court rendered summary judgment for appellee in the amount of $24,255.87
as the balance due on the account, plus court costs and interest of 7.5%.  The judgment states that it is Aappealable
and finally disposes of all parties and all claims in [the] cause of action.@

Analysis








In his first issue, Gillis contends that the
trial court granted summary judgment on an unpled cause of action, suit on an
account.  Although pleadings are not
competent summary judgment proof, a motion for summary judgment must be
supported by the pleadings on file, and the final judgment of the court must
conform to those pleadings.  Elite
Towing, Inc. v. LSI Fin. Group, 985 S.W.2d 635, 641 (Tex. App.CAustin
1999, no pet.); Krull v. Somoza, 879 S.W.2d 320, 322 (Tex. App.CHouston
[14th Dist.] 1994, writ denied).[2]  A trial court may not grant a summary
judgment on an unpled cause of action.  McDuff
v. Chambers, 895 S.W.2d 492, 496 (Tex. App.CWaco
1995, writ denied).  

Here, the original petition alleges that the
parties entered into an agreement for appellee to extend credit to Gillis,
which he agreed to repay monthly, and that any disputes would be resolved by
arbitration.  It further states that
appellee Ahereby sues [Gillis] for confirmation
and enforcement of an arbitration award entered against [Gillis] which remains
unpaid.@  Attached to the petition are a copy of the
arbitration award and an affidavit from appellee=s
business records custodian averring that Gillis is Atruly
and justly indebted to [appellee] by virtue of a balance due and owing on an
arbitration award entered in favor of [appellee] and against@ Gillis.








Although appellee=s motion
for summary judgment does not specifically state that appellee sought a
judgment confirming the arbitration award, it does contend that appellee is
entitled to judgment Aas prayed for in [appellee=s]
Original Petition.@ 
Specifically, it begins, AThis
cause is a suit on an account, plus interest, attorney=s fees,
and costs of court, as shown in [appellee=s]
Original [P]etition on file in this cause, which petition is incorporated into
this motion as if set out verbatim herein.@  The motion directs the trial court
specifically to the deemed admissions as the proof supporting appellee=s
entitlement to summary judgment.  The
deemed admissions include admissions that appellee obtained an arbitration
award against Gillis, that Gillis failed to pay the award, that Gillis failed
to object to or move to vacate the award within ninety days, and that appellee Ashould
recover judgment as requested in its pleadings.@  Furthermore, the arbitration award is based
on the arbitrator=s finding that Gillis owed a
debt to appellee and the award includes amounts for attorney=s fees
and interest.








Appellee=s
pleadings provide fair notice to Gillis of appellee=s
claim:  confirmation of an arbitration
award based on a debt owed by Gillis to appellee.  And although appellee=s motion
for summary judgment never expressly states that appellee=s claim
is to confirm an arbitration award, it is clear from the motion that it is
based on appellee=s claim in its original
petition.  See Garner v. Long, 106
S.W.3d 260, 265 (Tex. App.CFort
Worth 2003, no pet.).  Accordingly, we
conclude and hold that the trial court did not err by granting summary judgment
on an unpled cause of action.  See id.;
Langston v. Eagle Pub. Co., 719 S.W.2d 612, 628 (Tex. App.CWaco
1986, writ ref=d n.r.e.) (op. on reh=g).  We overrule Gillis=s first
issue.

In his second issue, Gillis claims that appellee=s suit
to confirm the arbitration award is barred by res judicata.  However, Gillis did not file a verified
pleading raising res judicata as an affirmative defense.  Accordingly, he failed to preserve that
claim.  See Tex. R. Civ. P. 94; Garner,
106 S.W.3d at 264.  Moreover, a suit to
confirm a previously litigated arbitration award for the purpose of
transforming that award into an enforceable judgment is expressly permitted by
statute.  See Tex. Civ. Prac.
& Rem. Code Ann. ' 171.087 (Vernon 2005); Crossmark,
Inc. v. Hazar, 124 S.W.3d 422, 429 (Tex. App.CDallas
2004, pet. denied).  Accordingly, we
overrule Gillis=s second issue.

Conclusion

Having overruled Gillis=s two
issues, we affirm the trial court=s
judgment.

 

 

TERRIE
LIVINGSTON

JUSTICE

PANEL:  CAYCE, C.J.; LIVINGSTON,
and DAUPHINOT, JJ.

DELIVERED:  January 8, 2009











[1]See Tex. R. App. P. 47.4.





[2]The contentions in the
written motion for summary judgment are what the court must consider in
determining whether to grant the motion. 
City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678
(Tex. 1979); Elite Towing, 985 S.W.2d at 641; see Tex. R. Civ. P.
166a(c) (AThe motion for summary
judgment shall state the specific grounds therefor.@).