**Opinion filed October 16, 2014**



## In The

# Eleventh Court of Appeals

_____

## No. 11-14-00253-CV

_____

## IN THE MATTER OF THE ESTATE OF
## AMBER LEA LOWERY, DECEASED

**On Appeal from the 220th District Court**
**Comanche County, Texas**
**Trial Court Cause No. CV13613**

## M E M O R A N D U M   O P I N I O N

Appellant, Michael L. Lowery, filed a pro se notice of appeal in this court from the trial court's order approving first amended inventory, appraisement, and list of claims for the Estate of Amber Lea Lowery, deceased. Upon docketing this case, the clerk of this court notified Appellant by letter that it did not appear that he was appealing from a final, appealable order. We requested that Appellant provide a response showing grounds to continue this appeal, and we notified Appellant that the appeal may be dismissed pursuant to TEX. R. APP. P. 42. Appellant has filed a response, but he has failed to show grounds to continue.

Unless specifically authorized by statute, appeals may be taken only from final judgments. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001). We recognize that probate proceedings may have multiple judgments that are final for purposes of appeal. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006); *see* TEX. EST. CODE ANN. § 32.001 (West 2014). An appeal from a probate order may be authorized by "an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable." *De Ayala*, 193 S.W.3d at 578 (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)); *see* EST. § 202.202 (heirship); *see also id.* §§ 351.053, 355.057, 355.058, 355.158(d), 356.556 (other express declarations of finality). If not expressly authorized as final or appealable by statute, a probate order is immediately appealable when it disposes of all parties or issues in a particular phase of the proceedings. *De Ayala*, 193 S.W.3d at 578. Otherwise, the probate order is interlocutory and is not a final, appealable judgment. *Id.*

In his response, Appellant complained of various problems related to the probate, including the failure to provide Appellant with timely notice of a hearing, the trial court's refusal to hold a second hearing, the denial of court-appointed counsel, and Appellant's lack of competence in "law procedure." Appellant pointed to nothing over which this court has jurisdiction. No statute specifically authorizes an appeal from an order approving an inventory, appraisement, and list of claims. Rather than authorizing an appeal from such an order, the Estates Code specifically provides that an inventory, appraisement, and list of claims may be supplemented or corrected. EST. §§ 309.101–.104. Therefore, we hold that the order from which Appellant attempts to appeal does not dispose of all parties or issues in a particular phase of the underlying proceeding and, thus, is an interlocutory order. *See In re Arizola*, No. 04-11-00059-CV, 2011 WL 1852969

2

(Tex. App.—San Antonio May 11, 2011, no pet.) (mem. op.) (appeal dismissed; order approving inventory, appraisement, and list of claims was interlocutory and not appealable). *But see Garner v. Long*, 106 S.W.3d 260, 266 (Tex. App.—Fort Worth 2003, no pet.) (determining that order approving inventory conclusively disposed of that phase of the proceeding and became a final, appealable order).

Furthermore, in this court's letter to Appellant, we also informed him that the $195 filing fee was due on or before October 1, 2014. As of this date, Appellant has not remitted the $195 filing fee or filed an affidavit of indigence.

Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 5, 42.3.

PER CURIAM

October 16, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.