Affirmed and Memorandum Opinion filed September 13, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00597-CV

___________________

 

Stephen Michael Yamin, Sr.,
Appellant

 

V.

 

Carroll Wayne Conn, L.P.,
Appellee



 



 

On
Appeal from the 55th District Court

Harris County,
Texas



Trial Court Cause No. 2009-05065

 



 

 

MEMORANDUM OPINION

This appeal arises from a suit
between landlord and guarantor. The landlord sued on a guaranty agreement when
the tenant defaulted on the lease. The guarantor claimed that the suit was
barred by the statute of limitations. Both parties moved for summary judgment,
and judgment was ultimately granted in favor of the landlord. On appeal, the
guarantor contends the trial court erred in finding (1) that the landlord’s
petition was timely, and (2) that the lease had been reinstated by the
conduct of the parties. We affirm.

BACKGROUND

In November 2002, appellee Carroll Wayne Conn, L.P.
(“Landlord”) executed a lease of commercial property with Junior Motorcycles of
Houston, LLC, d/b/a Yamin Motorcycles (“Tenant”). When Tenant defaulted on the
lease, Landlord and Tenant entered into a Stipulation and Agreement, in which
Tenant agreed to pay its arrearage under a prescribed schedule. Tenant
defaulted under that schedule, and the lease was subsequently terminated.

In June 2004, Landlord and Tenant entered into a
Letter Agreement that reinstated the lease on a month-to-month basis.[1] As a condition to
the Letter Agreement, appellant Stephen Michael Yamin, Sr. executed a
continuing guaranty to Landlord. Under the terms of the Guaranty Agreement,
Yamin absolutely and unconditionally guaranteed all past and future obligations
of Tenant arising out of the lease, including “any and all renewals,
extensions, amendments, expansions and modifications thereof.” The lease was
terminated on September 30, 2004, when Tenant defaulted under the terms of the
Letter Agreement.

On October 6, 2004, Landlord served Tenant with a
Notice of Lease Termination and Demand to Vacate. In the demand letter,
Landlord claimed a lien on all property located on the premises. The letter
further stated that if Tenant did not vacate by the following day, Landlord
would be forced to take “immediate legal action to gain possession of the
leased premises and to enforce agreements guaranteeing the performance of the
Lease Agreement.” Tenant did not vacate. On October 8, 2004, a second letter
was served informing Tenant that Landlord would take appropriate legal action
to evict Tenant from the premises and to collect on the outstanding debt.

Notwithstanding the threat of eviction, Tenant
remained in possession of the premises and continued to make payments on the
arrearage. Because of this ongoing relationship, Landlord and Tenant entered
into a second Letter Agreement on May 2, 2005. Under the conditions of this
agreement, Landlord agreed to reinstate the lease for the balance of its
original term if, among other things, Tenant adhered to a strict repayment of
rent by July 1, 2005. Tenant failed to timely make the required payments.

On July 28, 2005, Tenant filed a Chapter 7 bankruptcy
case with the United States Bankruptcy Court for the Southern District of Texas.
The bankruptcy filing stayed any action by Landlord to enforce the terms of the
lease, allowing Tenant to remain in possession of the leased premises until May
2006. See 11 U.S.C. § 362 (West 2004).

On January 29, 2009, Landlord filed suit against
Yamin in his capacity as guarantor. In his answer, Yamin did not deny his
execution of the Guaranty Agreement, nor the amount of indebtedness claimed by
Landlord. Instead, Yamin claimed that Landlord’s suit was barred by the
applicable four-year statute of limitations. See Tex. Civ. Prac. &
Rem. Code Ann. § 16.004(a)(3) (West 2008). Both parties filed competing
motions for summary judgment. The trial court granted judgment in favor of
Landlord. Yamin timely appealed.

ISSUES PRESENTED

In his first issue, Yamin contends the trial court
erred when it decided that Landlord’s suit was not barred by the statute of
limitations. In his second issue, Yamin contends the summary judgment evidence
failed to show that the lease was reinstated as a matter of law. Yamin argues that
he conclusively established his affirmative defense of statute of limitations,
and therefore, he asks that we reverse and render judgment on his behalf.

STANDARD OF REVIEW

A party moving for summary judgment must conclusively
prove all elements of its cause of action or defense as a matter of law. Tex.
R. Civ. P. 166a(c); Browning v. Prostok, 165 S.W.3d 336, 344 (Tex.
2005). When both parties move for summary judgment and the trial court grants
one motion but denies the other, we review the evidence produced by each party,
determine de novo all questions presented, and render the judgment the trial
court should have rendered. Gilbert Tex. Constr., L.P. v. Underwriters at
Lloyd’s London, 327 S.W.3d 118, 124 (Tex. 2010); U.S. Denro Steels, Inc.
v. Lieck, No. 14-09-01008-CV, 2011 WL 1252090, at *3 (Tex. App.—Houston
[14th Dist.] Apr. 5, 2011, pet. denied). Moreover, a party moving for summary
judgment on the basis of limitations carries the burden of proving when the
cause of action accrued. Holy Cross Church of God in Christ v. Wolf, 44
S.W.3d 562, 566 (Tex. 2001); Burns v. Thomas, 786 S.W.2d 266, 267 (Tex.
1990)

LANDLORD’S MOTION FOR SUMMARY JUDGMENT

Landlord sued Yamin to collect a debt secured by a continuing
guaranty. A guaranty is a promise to a creditor by a third party to pay a debt on
behalf of a principal in the event that the principal defaults on the original
obligation. See Republic Nat’l Bank of Dallas v. Nw. Nat’l Bank of Fort
Worth, 578 S.W.2d 109, 114 (Tex. 1978). A continuing guaranty covers a
series of transactions, rather than just a single liability. See Sonne
v. FDIC, 881 S.W.2d 789, 793 (Tex. App.—Houston [14th Dist.] 1994, writ
denied); Mann v. NCNB Tex. Nat’l Bank, 854 S.W.2d 664, 667 (Tex.
App.—Dallas 1992, no writ). It contemplates a future course of dealing between
creditor and principal, and generally continues for an indefinite amount of time
or until revoked. See Straus-Frank Co. v. Hughes, 156 S.W.2d 519, 520
(Tex. 1941); Blount v. Westinghouse Credit Corp., 432 S.W.2d 549, 553
(Tex. Civ. App.—Dallas 1968, no writ). Thus, with a continuing guaranty, the
guarantor becomes liable for successive obligations as they accrue. Sonne,
881 S.W.2d at 793.

To support a claim on a guaranty, a party must show
proof of (1) the existence and ownership of a guaranty contract;
(2) the terms of the underlying contract by the holder; (3) the
occurrence of the conditions upon which liability is based; and (4) the
failure or refusal to perform by the guarantor. Lee v. Martin Marietta Materials
Sw., Ltd., 141 S.W.3d 719, 720 (Tex. App.—San Antonio 2004, no pet.).

Attached to its motion for summary judgment, Landlord
submitted the sworn affidavit of Mark Fertitta, property manager for Landlord.
In his affidavit, Fertitta attested that Tenant was indebted to Landlord in the
amount of $316,294.66, plus reasonable attorney’s fees, for liabilities arising
out of the non-payment of rent. Fertitta also attached as an exhibit the
Guaranty Agreement between Landlord and Yamin. In pertinent part, the Guaranty
Agreement contains the following provisions:

FOR VALUE RECEIVED, Guarantor hereby unconditionally,
irrevocably and absolutely guarantees to Landlord without demand the prompt and
full payment and performance, when due, of all obligations and covenants of
[Tenant], fixed or contingent, arising out of the Lease
Agreement . . . .

1.         CONTINUING GUARANTY. This is a continuing
Guaranty and shall apply to any renewals, extensions, and modifications of the
Lease, regardless of whether such renewals, extensions or modifications are
made with or without Guarantor’s prior written consent.

2.         OTHER REMEDIES. Landlord shall not be
required to pursue any other remedies before invoking the benefits of this
Guaranty; specifically, Landlord shall not be required to take any action
against Tenant or any other person, to exhaust its remedies against any other
guarantor of the Obligations, any collateral or other security, or to resort to
any balance of any deposit account or credit on the books of Landlord in favor
of Tenant or any other person.

* * *

4.         MODIFICATION OR CONSENT. . . . No
notice to or demand on Guarantor in any case shall, of itself, entitle
Guarantor to any other or further notice or demand in similar or other
circumstances. No delay or omission by Landlord in exercising any power or
right hereunder shall impair any such right or power or be construed as a
waiver thereof or any acquiescence therein . . . .

* * *

10.       GUARANTY TO BE ABSOLUTE. Guarantor
expressly agrees that until the Lease is performed in full and each and every
term, covenant and condition of this Guaranty is fully performed, Guarantor
shall not be released by or because of: (a) any act or event which might
otherwise discharge, reduce, limit or modify Guarantor’s obligations under this
Guaranty; (b) any waiver, extension, modification, forbearance, delay or
other act or omission of Landlord, or its failure to proceed promptly or
otherwise as against Tenant, Guarantor or any security; (c) any act,
omission or circumstance which might increase the likelihood that Guarantor may
be called upon to perform under this Guaranty or which might affect the rights
or remedies of Guarantor as against Tenant; or (d) any dealings occurring
at any time between Tenant and Landlord, whether relating to the Lease or
otherwise. Guarantor hereby expressly waives and surrenders any defense to his
liability under this Guaranty based upon any of the foregoing acts, omissions,
agreements, waivers or matters. It is the purpose and intent of this Guaranty
that the obligations of Guarantor under it shall be absolute and unconditional
under any and all circumstances.

The summary judgment evidence accordingly shows that (1) Yamin
executed a guaranty; (2) under the terms of that guaranty, Landlord could
seek relief from Yamin without first asserting an action against the principal
debtor; (3) Tenant defaulted under the lease as modified and amended; and
(4) the liability created by that default had not been paid at the time of
suit. Yamin does not controvert or otherwise dispute any of these facts. Thus,
Landlord was entitled to summary judgment unless Yamin raised some fact issue
regarding his limitations defense.

YAMIN’S MOTION FOR SUMMARY JUDGMENT

            Yamin moved for
summary judgment on the basis of limitations. Because the statute of
limitations is an affirmative defense, Yamin was required to prove when the
cause of action accrued before being entitled to judgment as a matter of law. See
Tex. R. Civ. P. 94; Holy Cross Church, 44 S.W.3d at 566; Burns,
786 S.W.2d at 267.

            A person must
bring suit on a debt no later than four years after the day the cause of action
accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(3). When a cause
of action accrues is normally a question of law for the court to decide. Moreno
v. Sterling Drug, Inc., 787 S.W.2d 348, 351 (Tex. 1990). A cause of action
generally accrues when facts come into existence that authorize a claimant to
seek a judicial remedy. Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 221 (Tex. 2003); Gabriel v. Alhabbal, 618 S.W.2d 894,
896 (Tex. App.—Houston [1st Dist.] 1981, writ ref’d n.r.e.). Usually, a cause
of action for the breach of a promise to pay arises when a demand for payment
has been made and refused. Intermedics, Inc. v. Grady, 683 S.W.2d 842,
845 (Tex. App.—Houston [1st Dist.] 1984, writ ref’d n.r.e.).

            In determining
when Landlord’s cause of action began to accrue, we must look first to the
terms of the guaranty. See Hopkins v. First Nat’l Bank at Brownsville,
551 S.W.2d 343, 345 (Tex. 1977) (per curiam); Wiman v. Tomaszewicz, 877
S.W.2d 1, 5 (Tex. App.—Dallas 1994, no writ). Under his agreement, Yamin
promised “unconditionally, irrevocably and absolutely” to pay any debt arising
out of the lease between Landlord and Tenant. Yamin assumed primary liability
on the lease, and agreed that Landlord would not have to pursue any other
remedy before invoking the benefits of the guaranty. The guaranty accordingly contains
no terms prescribing when, or the method in which, Landlord must assert a claim
for payment. In fact, no part of the agreement indicates that demand is an
integral part of Landlord’s right to relief. Cf. Mid-South Telecomms. Co. v.
Best, 184 S.W.3d 386, 391 (Tex. App.—Austin 2006, no pet.) (construing a
guaranty agreement with similar terms).

            Yamin argues,
however, that a demand on the guaranty was made, and that it triggered the
accrual of the cause of action more than four years before the filing of
Landlord’s suit. Proceeding on two different theories, Yamin contends in his
first issue that (a) the letter to vacate constituted a demand on the guaranty,
and (b) in the alternative, demand was automatic upon termination of the
lease. We examine each of these arguments in turn.

            With regard to
his first argument, Yamin claims that Landlord made a demand on the guaranty in
the letter dated October 6, 2004. That letter is entitled “Notice of Lease
Termination and Demand to Vacate.” In the letter, Landlord “demands that
[Tenant] vacate immediately and turn over the keys to the leased premises.”
Landlord further advises that Tenant’s failure to vacate “will result in
immediate legal action to gain possession of the leased premises and to enforce
agreements guaranteeing the performance of the Lease Agreement.” The letter
only alludes to the possibility of demand on the guaranty. It does not actually
demand payment from Yamin in his capacity as guarantor. Therefore, we do not
construe the letter as a demand on the guaranty.[2]

            Regarding the
second argument, Yamin contends that Landlord’s cause of action accrued on
September 30, 2004, the date of the lease termination, because, as he claims,
demand is “automatic upon default of the Tenant.” Yamin does not supply any
authority for this proposition. Instead, he argues that demand was waived under
the express terms of the Guaranty Agreement.

            When construing a
guaranty agreement, our primary goal is to ascertain and give effect to the intent
of the parties. Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983); Hasty
v. Keller HCP Partners, L.P., 260 S.W.3d 666, 670 (Tex. App.—Dallas 2008,
no pet.). The surest guide to the parties’ intent is the language used in the
guaranty, and where the language is clear and unambiguous, we may not look to
the subject matter or attending circumstances in order to give it a different
construction. See Univ. Sav. Ass’n v. Miller, 786 S.W.2d 461, 462 (Tex.
App.—Houston [14th Dist.] 1990, writ denied);  Sw. Sav. Ass’n v. Dunagan,
392 S.W.2d 761, 767 (Tex. Civ. App.—Dallas 1965, writ ref’d n.r.e.).

            Yamin argues that
proof of waiver is evidenced by the following provision in the Guaranty
Agreement: “Guarantor hereby unconditionally, irrevocably and absolutely
guarantees to Landlord without demand the prompt and full payment and
performance, when due, of all obligations and
covenants . . . .” (emphasis added). We do not construe
this language as effectuating an automatic demand upon the termination of the
lease. The terms of the provision are unambiguous and demonstrate that the
waiver of demand is acting solely upon Yamin’s promise to pay, not Landlord’s
right to relief. No part of this provision indicates that Landlord is waiving
demand as a condition precedent to the right to sue. Indeed, paragraph four of
the guaranty establishes the opposite—that no delay or omission by Landlord in
exercising a right under the guaranty should be construed as a waiver of such
right. We overrule appellant’s first issue.

            In his second
issue, Yamin argues that the statute of limitations began to run on September
30, 2004 because the lease was never reinstated by the conduct of the parties.
For this proposition, Yamin relies on the terms of the 2005 Letter Agreement,
which was the last contract that addressed the reinstatement of the lease. In the
2005 Letter Agreement, Landlord and Tenant agreed that the lease would be
reinstated to the balance of its original term if Tenant signed the agreement
and delivered a series of payments according to the following schedule: (a) $1,500
by May 3, 2005; (b) $20,000 by May 9, 2005; (c) half of the arrearage
owed on the Lease Agreement, but not less than $65,000, by June 1, 2005; and (d) the
remaining balance on the Lease Agreement, but not less than $65,000, by July 1,
2005. Because Tenant signed the agreement but failed to timely make the
required payments in full,[3]
Yamin argues that the lease was never reinstated, and therefore, that
Landlord’s cause of action necessarily accrued on the earlier date of
termination.

            Yamin’s argument
is unpersuasive for at least two reasons. First, it incorrectly assumes that
the limitations on the Lease Agreement is concurrent with the limitations on
the Guaranty Agreement. Whenever a creditor is permitted to sue a guarantor
without first suing the principal, the guarantor cannot defend an action to
recover on a promise to pay by showing that the claim against the principal is
barred by the statute of limitations. Ocean Transport, Inc. v. Greycas, Inc.,
878 S.W.2d 256, 267 (Tex. App.—Corpus Christi 1994, writ denied); Beddall v.
Reader’s Wholesale Distribs., Inc., 408 S.W.2d 237, 240 (Tex. Civ.
App.—Houston 1966, no writ). The operation of the statute of limitations on the
principal obligation does not affect a guarantor’s duty and is not a defense
available to the guarantor unless it has also operated on his own promise of
guaranty. Wiman, 877 S.W.2d at 5. But no provision in the Guaranty
Agreement suggests that the statute of limitations against Tenant should also
operate against Yamin’s personal promise to pay. Thus, the failure of Tenant to
reinstate the lease has no direct bearing on Landlord’s right to pursue legal
action against Yamin.

            Second, even
though the lease was never reinstated, Yamin’s argument ignores that the 2005
Letter Agreement constituted a modification of the lease terms. Under his
continuing guaranty, Yamin agreed to guarantee all obligations arising from “any
and all renewals, extensions, amendments, expansions and modifications” of the
lease. It is clear from the guaranty that Yamin intended for Landlord and
Tenant to freely negotiate these future agreements in order to facilitate an
ongoing business relationship: Yamin’s guaranty extends to all future
obligations, even those obtained without his consent as guarantor. The guaranty
accordingly manifests Yamin’s intent to guarantee all obligations arising under
the 2005 Letter Agreement, which included payments on the arrearage. Because
the 2005 Letter Agreement was executed within four years of Landlord’s original
petition, Yamin cannot show as a matter of law that his affirmative defense
applied. We overrule Yamin’s second issue.

CONCLUSION

            The judgment of
the trial court is affirmed.

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson, Brown, and
Christopher.









[1] Also listed as Tenant
under the Letter Agreement were additional commercial entities owned by
appellant, including Junior of Houston, LLC, and Junior Motorcycle of South
Houston, LLC, both doing business as Yamin Motorcycles, S.M.J. of Houston, LLC.





[2] We do not consider the
second letter dated October 8, 2004 a demand on the guaranty either. It makes
no reference to the Guaranty Agreement, and merely states that Landlord will
take legal action to evict Tenant from the premises and collect the outstanding
debt.





[3] The summary judgment
evidence shows that Tenant paid $10,000 on May 25, 2005; $22,000 on June 23,
2005; and $22,000 on July 7, 2005.