

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00375-CV

_____

ALICIA FERNANDEZ, HASAN HASHMI, AND SULEMAN F. HASHMI,
Appellants

V.

INDEPENDENT BANK, Appellee

On Appeal from the 393rd District Court
Denton County, Texas
Trial Court No. 19-7694-393

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Three individuals challenge a summary judgment holding them liable on guaranty agreements that they executed in favor of a bank. In their preserved issues, these guarantor-appellants assert that the summary judgment was improper, both because the bank failed to prove its guaranty claim as a matter of law, and because the guarantors successfully created a fact issue on the affirmative defense of material alteration.

Having found no fact issues that would preclude summary judgment, we affirm.

## I.    BACKGROUND

In 2008, Action MD, LLC executed a promissory note for $2,845,800 in favor of Northstar Bank of Texas. In exchange, Northstar gave Action MD a loan to purchase a commercial property in Lewisville, Texas. In 2009, Action MD executed an additional promissory note for $246,636. Action MD's principals—the appellants here, Alicia Fernandez and Hasan and Suleman Hashmi—each executed personal guaranties of the notes. The notes and the guaranties were secured by deeds of trust.

Eventually, Action MD defaulted on the notes. Appellee Independent Bank foreclosed on the property as the present owner and holder of the notes and guaranties by virtue of a merger with Northstar. At the foreclosure sale, Independent was the highest bidder and purchased the property for $1,400,000.

Independent then filed this suit against Fernandez and the Hashmis, seeking to collect the deficiency from Fernandez and the Hashmis through the guaranties.

2

Independent moved for summary judgment, and the trial court granted one for $909,185.04 along with interest. Fernandez and the Hashmis appealed separately.

## II. DUE PROCESS AND TAKINGS VIOLATIONS

In their first issue, the Hashmis challenge the Texas Supreme Court's holdings in *Moayedi v. Interstate 35/Chisam Rd., L.P.*, 438 S.W.3d 1, 6 (Tex. 2014). The Hashmis submit that *Moayedi*'s holdings concerning waiver of offsets violate the Due Process and Takings Clauses of the United States and Texas Constitutions.[1]

However, the Hashmis raised this objection for the first time in a motion for new trial following the final summary judgment. "[I]n an appeal from a summary judgment, an objection raised for the first time in a motion for new trial is untimely and insufficient to preserve the alleged error for review." *Williamson v. New Times, Inc.*, 980 S.W.2d 706, 712 (Tex. App.—Fort Worth 1998, no pet.); *see Godoy v. Wells Fargo Bank, N.A.*, 575 S.W.3d 531, 537 (Tex. 2019); *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 467 (Tex. 1998). Generally, as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion. *MAN Engines & Components, Inc. v. Shows*, 434 S.W.3d 132, 141 n.38 (Tex. 2014) (quoting Tex. R. App. P. 33.1(a)(1)(A)). We therefore hold that this issue is unpreserved, and we overrule it without regard to its merits.

---

[1]We presume that the Hashmis are referring to the Due Course of Law Clause of the Texas Constitution. *See* Tex. Const. art. I, § 19; *see also Tex. S. Univ. v. Villarreal*, 620 S.W.3d 899, 905 (Tex. 2021) (explaining the relationship between due process and due course of law in Texas jurisprudence).

### III. SUFFICIENCY OF THE SUMMARY JUDGMENT EVIDENCE

The central theme of Fernandez's appeal is whether Independent established its ownership of the guaranty agreements. In her first issue, she frames the question of ownership as a matter of standing; she asserts that because Independent did not prove its ownership of the guaranties, it did not show standing to enforce the guaranties.

We reject the premise of this issue. Independent's ownership of the guaranties is not a question of standing. "While the question of whether a party is entitled to sue on a contract is often informally referred to as a question of 'standing,' it is not truly a standing issue because it does not affect the jurisdiction of the court; it is, instead, a decision on the merits." *John C. Flood of DC, Inc. v. SuperMedia, L.L.C.*, 408 S.W.3d 645, 651 (Tex. App.—Dallas 2013, pet. denied) (quoting *Heartland Holdings Inc. v. U.S. Tr. Co. of Tex.*, 316 S.W.3d 1, 6–7 (Tex. App.—Houston [14th Dist.] 2010, no pet.)). "When it is established that a breach of contract plaintiff lacks entitlement to sue on a contract, the proper disposition may be summary judgment on the merits, but it is not dismissal for want of jurisdiction." *Id.* (quoting *Heartland Holdings*, 316 S.W.3d at 7). We overrule Fernandez's first issue.

In her second issue, Fernandez couches the same question of ownership differently: she asserts that because Independent failed to establish its ownership of the guaranties, Independent did not satisfy its summary judgment burden with respect to its guaranty claim.

The Hashmis raise a similar challenge in their second issue. They argue that Independent provided no evidence to show the existence and ownership of the guaranties.

Thus, we turn our attention to whether Independent proved the existence and ownership of the guaranties under the summary judgment standard. We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). Where the nonmovant relies on an affirmative defense to defeat summary judgment, the nonmovant has the burden in its summary judgment response to present evidence sufficient to raise a fact issue on each element of the affirmative defense. *See Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 593 (Tex. 2017).

5

A breach of guaranty claim has four elements: (1) the existence and ownership of a guaranty contract; (2) the terms of the underlying contract; (3) the occurrence of the conditions upon which liability is based; and (4) the failure or refusal to perform by the guarantor. *Chahadeh v. Jacinto Med. Grp., P.A.*, 519 S.W.3d 242, 246 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Lee v. Martin Marietta Materials Sw., Ltd.*, 141 S.W.3d 719, 720 (Tex. App.—San Antonio 2004, no pet.).

Independent proffered multiple forms of evidence to prove the existence and ownership of the guaranties. The first form of evidence was sworn copies of the guaranties and underlying notes themselves. The second was an affidavit in which an Independent employee testified that the company owns and holds the notes and guaranties. The third was a substitute trustee's deed, which recited that Independent is the successor-by-merger to the original owner of the notes, Northstar.

Fernandez contends that the affidavit is conclusory insofar as it states that Independent owns and holds the guaranties, such that the affidavit may not properly be relied upon as summary judgment evidence. *See Atmos Energy Corp. v. Paul*, 598 S.W.3d 431, 467 (Tex. App.—Fort Worth 2020, no pet.). But the Texas Supreme

6

Court,[2] this court,[3] and other Texas courts[4] have held that a statement in an affidavit that the plaintiff is the owner and holder of an instrument is not conclusory.

Indeed, in *Life Insurance Co. of Virginia v. Gar-Dal, Inc.*, the court held that an affidavit averring that the plaintiff was "the sole owner and holder" of an instrument, together with a true and correct copy of the instrument, established a plaintiff's status as the owner and holder of an extant instrument for summary judgment purposes, absent controverting evidence. 570 S.W.2d 378, 381 (Tex. 1978); *Comerica Bank v. Progressive Trade Enters., Inc.*, 544 S.W.3d 459, 463 (Tex. App.—Houston [14th Dist.] 2018, no pet.). The same model has been followed here: Independent submitted an affidavit averring that it is the owner and holder of the guaranty instruments, as well as copies of the instruments themselves, and Fernandez offered nothing to controvert this proof.

Furthermore, Independent also presented a substitute trustee's deed reciting how Independent came to own the guaranty: a merger with the original owner of the

---

[2]*See Life Ins. Co. of Va. v. Gar-Dal, Inc.*, 570 S.W.2d 378, 381 (Tex. 1978).

[3]*Scott v. U.S. Bank, N.A.*, No. 02-12-00230-CV, 2014 WL 3535724, at *4 (Tex. App.—Fort Worth July 17, 2014, no pet.) (mem. op.).

[4]*Martin v. Fed. Fin. Co.*, No. 05-97-00090-CV, 1999 WL 153716, at *2 (Tex. App.—Dallas Mar. 23, 1999, no pet.) (not designated for publication); *Mullen v. First Fed. Sav. & Loan Ass'n of Brookhaven*, No. B14-88-00647-CV, 1989 WL 111362, at *1 (Tex. App.—Houston [14th Dist.] Sept. 28, 1989, writ denied) (not designated for publication); *see Pineda v. PMI Mortg. Ins. Co.*, 843 S.W.2d 660, 666 (Tex. App.—Corpus Christi–Edinburg) (op. on reh'g), *writ denied*, 851 S.W.2d 191 (Tex. 1993).

guaranty, which transferred all interest in the guaranties to the surviving entity, Independent. *See Imperial Hosp. Grp., LLC v. Vantage Bank Tex.*, No. 4:20-CV-3231, 2021 WL 3367815, at \*4 (S.D. Tex. Aug. 3, 2021). Fernandez has offered nothing to rebut this recital, and we may give evidentiary weight to unrebutted deed recitals.[5] *See Hous. First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983); *Rife v. Kerr*, 513 S.W.3d 601, 613 (Tex. App.—San Antonio 2016, pet. denied); *Choice Pers. No. Four, Inc. v. 1715 Johanna Square Ltd.*, No. 01-05-00830-CV, 2007 WL 1153046, at \*6 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (mem. op.) (holding that unrebutted deed recitals were sufficient to prove ownership of a note).

Taken together, this assemblage of proof is sufficient to bear Independent's summary judgment burden to show the only element that Appellants have challenged: the existence and ownership of the guaranties. *See Inv. Collection Servs. L.P. v. Thomas*, No. CA3:97-CV-0314-R, 1998 WL 355469, at \*7 (N.D. Tex. June 26, 1998) (holding that the plaintiff conclusively proved its ownership of a guaranty through proof including the guaranty itself, an affidavit averring that plaintiff owned the guaranty, and other documents showing how the plaintiff had come to own the guaranty). The

---

[5]Fernandez contends that we should not consider the deed and its recitals because, while Independent attached the deed to its motion for summary judgment, Independent did not incorporate this proof into the motion by reference. However, Fernandez "failed to specifically present this issue in [her] response to the motion for summary judgment." *Garner v. Long*, 106 S.W.3d 260, 265 (Tex. App.—Fort Worth 2003, no pet.) (rejecting an identical argument). She has therefore "failed to preserve this issue for review." *Id.*

burden therefore shifted to Appellants to create a fact issue. *See Lujan*, 555 S.W.3d at 84.

Within the Hashmis' second issue, they allege that they have created a fact issue on their affirmative defense of material alteration. According to the Hashmis, the record evidence proves that there was a material and harmful alteration of the underlying notes without their consent, which should release them from their obligations under the guaranties.

A "guaranty agreement is strictly construed and may not be extended beyond its precise terms by construction or implication." *Reece v. First State Bank of Denton*, 566 S.W.2d 296, 297 (Tex. 1978). Thus, a guarantor may be discharged by a material alteration of the underlying contract between the principal debtor and the creditor. *Vastine v. Bank of Dall.*, 808 S.W.2d 463, 464 (Tex. 1991). "This defense is rooted in the longstanding jurisprudential policy that guarantors or sureties should not be bound to risks beyond those they have actually contracted to assume." *U.S. Foodservice, Inc. v. Winfield Project Mgmt., LLC*, No. 03-14-00405-CV, 2016 WL 1639804, at *5 (Tex. App.—Austin Apr. 20, 2016, no pet.) (mem. op.); *see United States v. Vahlco Corp.*, 800 F.2d 462, 465 (5th Cir. 1986).

A guarantor is discharged from performance of a guarantee if it can prove (1) a material alteration of the underlying contract (2) made without the guarantor's consent (3) that either injures or enhances the risk of injury to the guarantor. *Futerfas Fam. Partners v. Griffin*, 374 S.W.3d 473, 478 (Tex. App.—Dallas 2012, no pet.); *see United*

9

*Concrete Pipe Corp. v. Spin-Line Co.*, 430 S.W.2d 360, 365 (Tex. 1968). "Because a material alteration is an affirmative defense, the burden is on the surety to demonstrate that a material alteration occurred." *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 588 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

To discharge that burden, the Hashmis point to two alleged changes in the terms of the underlying notes. First, the Hashmis contend that the terms of the notes materially changed when Northstar merged with Independent, such that Independent became the owner and holder of the notes. As the Hashmis point out, Northstar's identity is baked into the terms of both instruments as the original "Payee" of the notes, and this aspect of the notes arguably changed following the merger.

However, even assuming that this post-merger state of affairs represented an alteration in the notes, the Hashmis have offered no evidence that this alteration somehow worsened the notes' risk profile or actually injured the Hashmis as guarantors. Even after the notes changed hands, the overall balance on the notes remained unchanged, as did all material terms under which that balance was to be repaid. The record evidence does not suggest any reason why the Hashmis should have cared whether the principal debtor paid that balance to Northstar, Independent, or any other holder. It was the Hashmis' burden to create a fact issue on all elements of the defense, *see Exxon Mobil*, 520 S.W.3d at 593, and the Hashmis offered no evidence to discharge that burden with respect to prejudice flowing from the change of payee. *See Futerfas*, 374 S.W.3d at 479 (concluding that absent any evidence concerning how the guarantor

10

was prejudiced, a guarantor failed to carry its summary judgment burden on material alteration); *Sonne v. F.D.I.C.*, 881 S.W.2d 789, 794 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (same); *see also Farrell v. Daughtry*, No. 05-97-00881-CV, 1999 WL 540306, at *4 (Tex. App.—Dallas July 27, 1999, no pet.) (not designated for publication) (affirming finding that there was no material alteration based on the lack of evidence concerning detriment).

Moreover, even assuming that the Hashmis could show an injury due to the change in payee, they are unable to show a lack of consent to the change. "[C]onsent may be found in the guaranty's language limiting the guarantor's rights[,] and this language will be enforced." *F.D.I.C. v. Attayi*, 745 S.W.2d 939, 944 (Tex. App.—Houston [1st Dist.] 1988, no writ); *accord Sonne*, 881 S.W.2d at 792. The guaranties make the Hashmis' consent evident. In a paragraph titled "Binding Effect," the guaranties contemplated that the notes could be assigned to a new payee but that the guarantors would nonetheless remain bound in the wake of the assignment. The Hashmis "prospectively consented in the guaranty" to the very change of which they now complain. *See Victor v. Harden*, No. 01-97-00250-CV, 1998 WL 285947, at *6 (Tex. App.—Houston [1st Dist.] June 4, 1998, no pet.) (not designated for publication). We therefore conclude that this purported change does not create a fact issue on material alteration due to failings with respect to the consent and prejudice elements of the defense.

Next, the Hashmis contend that there was another change in the terms of the notes in that Northstar and Independent submitted different valuations for the property

11

over time. According to the Hashmis, Northstar tendered a $2.7 million valuation for the property "as an inducement for Action MD to consummate the transaction" in 2008. The Hashmis contend that when Independent purchased the property at the foreclosure sale in 2020, it paid only $1.4 million for the property, reflecting a lower valuation. The Hashmis contend that this shift in valuations materially altered the notes' terms.

However, neither the original valuation nor the resulting sale price was incorporated in the notes' terms. We therefore fail to see how this purported shift in valuations constituted a material alteration of terms. *See F.D.I.C. v. Landmark Hotel Corp.*, 50 F.3d 1032, *4 (5th Cir. 1995) (concluding that because an entity's credit rating was not a term in the agreement, a change in that rating could not be a material alteration of terms).

The Hashmis do not point to any other changes that could create a fact issue on material alteration, such as would be sufficient to defeat Independent's entitlement to summary judgment. We therefore overrule Fernandez's second issue and the Hashmis' second issue, which are the last remaining issues before us.

## IV.  CONCLUSION

We affirm the summary judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered:  October 7, 2021

12