Robert E. LEE, Appellant,

v.

MARTIN MARIETTA MATERIALS
SOUTHWEST, LTD., Appellee.

No. 04–02–00611–CV.

Court of Appeals of Texas,
San Antonio.

June 23, 2004.

Shawn K. Fitzpatrick, Fitzpatrick & Ko-
sanovich, P.C., San Antonio, for appellant.

Daniel W. Lanfear, Sean B. McNelis,
Matthews and Branscomb, P.C., San Anto-
nio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief
Justice, CATHERINE STONE, Justice,
PAUL W. GREEN, Justice.

## OPINION

Opinion by PAUL W. GREEN, Justice.

This case arises from a breach of con-
tract suit. Appellee Martin Marietta Ma-
terials Southwest, Ltd. ("Martin") filed
suit against appellant Robert E. Lee
("Lee") and others to enforce a guaranty
agreement executed between Lee and
Martin's predecessor in name, Redland
Worth Corporation. Lee filed a verified
special denial and a motion to abate, claim-
ing that Martin was defectively identified.
Martin amended its pleadings accordingly.
Both parties filed motions for summary
judgment. The trial court granted Mar-
tin's motion for partial summary judgment,
but denied Lee's motion. A subsequent
severance order made the judgment final.
Lee now appeals in a single issue.

## BACKGROUND

On November 27, 1985, appellant Robert E. Lee, on behalf of R.E.L. Construction, Co. ("R.E.L."),[1] signed a guaranty agreement with Redland Worth Corporation ("Redland"). The one page document provided that Redland was authorized to sell and deliver "various materials and products" to R.E.L. for which R.E.L. would pay in accordance with a separate agreement. If R.E.L. did not pay within 30 days, the guaranty agreement provided that Lee would be jointly and severally liable to pay any past due amount "without necessity of notice, court action, or further proceedings against [R.E.L.]" Following the execution of the agreement, Redland provided materials and products to R.E.L. on credit.

In 1990, Redland amended its articles of incorporation, changing its name to Redland Stone Products Company. In 1998, Redland again amended its articles of incorporation, this time changing its name to Martin Marietta Materials Southwest, Inc. Finally, in June of 2000, Martin altered its business form, changing from a corporation to a limited partnership and taking the name Martin Marietta Materials Southwest, Ltd. It was as this entity that Martin encountered problems with the guaranty agreement between itself and Lee.

Throughout the course of its existence, Martin had provided material and products to R.E.L. R.E.L. failed to timely pay for material provided in February, March, and April of 2001; eventually, the payments became more than thirty days overdue, and Martin looked to Lee under the terms of the guaranty agreement to pay R.E.L.'s debt of approximately $268,823. Lee refused to pay the debt, and Martin consequently filed suit, seeking to enforce the agreement.

## DISCUSSION

In his sole issue, Lee claims the trial court erred in granting summary judgment in favor of Martin. Specifically, Lee complains that as a matter of law, Martin could not accrue rights under the guaranty agreement because he executed the agreement specifically with Redland who chose to "abandon its name and change its organizational form without securing an updated guaranty." Therefore, Lee contends he can not have been obligated to Martin under the agreement's terms.

Under traditional summary judgment standards, a party moving for summary judgment has the burden of establishing that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of law. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989); *Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). In reviewing a summary judgment an appellate court accepts as true all evidence supporting the nonmovant. *Nixon,* 690 S.W.2d at 549. All inferences are indulged in favor of the nonmovant, and all doubts are resolved in his favor. *Id.*

The interpretation of the guaranty is a question of law we review de novo. *See Gulf Ins. Co. v. Burns Motors, Inc.,* 22 S.W.3d 417, 423 (Tex.2000). To recover under a guaranty contract, a company must show proof of (1) the existence and ownership of the guaranty contract, (2) the terms of the underlying contract by the holder, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform the promise by the guarantor. *Marshall v. Ford Motor Co.,* 878 S.W.2d 629, 631 (Tex.App.-

---

1. Lee was the sole shareholder of R.E.L. Construction, Co., Inc. until March 1999.

Dallas 1994, no pet.). The rule of *strictissimi juris* holds that a guarantor may require that the terms of his guaranty be strictly followed; the agreement may not be extended beyond its precise terms by construction or implication. *McKnight v. Virginia Mirror Co.*, 463 S.W.2d 428, 430 (Tex.1971); *Id.; Federal Deposit Ins. Corp. v. Attayi*, 745 S.W.2d 939, 943–44 (Tex.App.-Houston [1st Dist.] 1988, no writ). Before we can apply the rule, however, we must examine the terms of the guaranty based on the language of the contract. *See Federal Deposit Ins. Corp.*, 745 S.W.2d at 943–44.

■ Here, the guaranty specifically authorizes Redland to sell and deliver materials to R.E.L. The agreement also dictates that if payment for the materials is not made within thirty days after it is due, Lee is jointly and severally liable to "immediately pay any past due amount." Even with the rule of *strictissimi juris*, however, if Redland and Martin are the same company, Lee cannot escape liability simply because the company changed its name or its organizational form. *See SEI Bus. Sys., Inc. v. Bank One Texas, N.A.*, 803 S.W.2d 838, 840 (Tex.App.-Dallas 1991, no writ) (holding that guarantor cannot escape liability merely because defaulting company changed its name as long as creditor proved it was, indeed, the same company). In fact, under the Texas Business Corporation Act, a converting entity shall continue to exist without interruption, maintaining all rights, title, and interests in real estate and other property, as well as all liabilities and obligations. Tex. Bus. Corp. Act Ann. art. 5.20(A)(1)-(3)(Vernon 2003). Therefore, if Martin provided the trial court with proof that it and Redland were the same company, it stands that Martin would maintain all of Redland's rights and obligations under the guaranty agreement.

Along with its motion for summary judgment, Martin filed a copy of the guaranty agreement, as well as two certificates of amendment from the Secretary of State, tracking the aforementioned name changes and showing that Redland Worth Company is, indeed, the same entity as Martin Marietta Materials Southwest, Inc. Less than a month after filing this motion, Martin also filed an amended petition, correcting its name from Martin Marietta Materials Southwest, Inc. to Martin Marietta Materials Southwest, Ltd. and including a certification from the office of the Secretary of State indicating that the corporation had converted to a limited partnership. Because the record reflects that Martin did, in fact, prove that it was the same company as Redland, the named creditor on the guaranty agreement, Lee is still liable to the company as R.E.L.'s guarantor.

In stating his case, Lee relies on the case of *Marshall v. Ford Motor Company*, in which a creditor company, Ford Marketing Corporation, merged with another company, becoming Ford Motor Company. 878 S.W.2d at 629. This new company attempted to collect on outstanding debts from personal guarantors, Johnie and Peggy Marshall. *Id.* The Dallas Court of Appeals held that, because the Marshalls had only guaranteed obligations incurred as Ford Marketing Corporation, they did not guarantee obligations incurred separately as to Ford Motor Company. *Id.* Although the facts in *Marshall* appear similar to the case at hand, the case is distinguishable. In *Marshall*, Ford Marketing Corporation merged with Ford Motor Company, creating an entirely new entity. The new entity entered into new transactions that the Marshalls did not guarantee and the guaranteed obligation remained the same. In the case at hand, Martin merely underwent a name and organizational form

change; it did not merge with another company.

Because Martin is the same company with which Lee executed a guaranty agreement, he is liable for R.E.L.'s debts. We overrule Lee's only issue and affirm the judgment of the trial court.