**Affirmed in Part, Reversed and Rendered in Part, and Opinion filed December 4, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00105-CV

---

### RENA ABEL, Appellant

### V.

### ALEXANDER OIL COMPANY, Appellee

---

**On Appeal from the 21st District Court
Washington County, Texas
Trial Court Cause No. 34710**

---

### O P I N I O N

Rena Abel signed a personal guaranty for her son-in-law John Steele's sole proprietorship credit application to Alexander Oil Company. Alexander Oil extended credit to John's sole proprietorship, John Steele Trucking, which made payments on the account. Subsequently, Shannon Steele, Rena's daughter and John's wife, formed a limited liability company, John Steele Trucking, LLC, (JST LLC), which began using the Alexander Oil account to purchase fuel. JST LLC

acquired more trucks and began purchasing much larger quantities of fuel from Alexander Oil. JST LLC began having financial problems and fell behind in paying its bills to Alexander Oil. Alexander Oil discovered that JST LLC had been formed and requested that the LLC, John, and Shannon sign personal guaranties for the entity, which they did.

When the debt remained unresolved, Alexander Oil sued JST LLC, John, Shannon, and Rena. This appeal concerns only Alexander Oil's claim on Rena's guaranty. After a jury trial, the jury found that John owed over $127,000 and JST LLC owed over $104,000 to Alexander Oil. The jury also found in favor of Rena on her affirmative defenses of material alteration and novation. However, the trial court disregarded the jury's answers to Rena's affirmative defense questions and granted a judgment notwithstanding the verdict (JNOV) to Alexander Oil on them. The trial court signed a judgment in favor of Alexander Oil, awarding it principal damages of $127,608.51 against Rena based on Rena's guaranty of John's sole proprietorship obligations, as well as damages against JST LLC, Shannon, and John, who are not parties to this appeal.

Rena urges six issues on appeal. In the dispositive issue of this appeal, Rena asserts the trial court erred in denying her JNOV motion seeking to disregard the jury's answer to the question regarding John's liability because there is a legal bar to recovery against *her* based on this answer. Because we determine that, as a matter of law, Alexander Oil may not recover against Rena based on the jury's answer to this question, we render a take-nothing judgment in Rena's favor. We affirm the trial court's judgment in all other respects.[1]

---

[1] John, Shannon, and JST LLC have not appealed the judgment against them; thus, we do not disturb that portion of the trial court's judgment.

# I. BACKGROUND

Alexander Oil supplies petroleum products and services in Brenham, Texas. In February 2006, John Steele, assisted by his wife Shannon, began to operate a sole proprietor trucking business, John Steele d/b/a John Steele Trucking. John Steele Trucking began buying fuel on an open account from Alexander Oil. The credit application and payment agreement for this account lists "Company Name: John Steele" and states that the form of the company is a sole proprietorship. The contemporaneous "Personal Guaranty" executed by Rena Abel to Alexander Oil, guarantees the applicant company's obligations as follows:

> In consideration of any credit extended to the applicant Company [John's sole proprietorship], I (we, or either of us) personally and individually guarantee full and prompt payment to Alexander Oil Company of all amounts due by Company to Alexander Oil Company. This guarantee is an absolute, complete, continuing guaranty, and no notice of any indebtedness need be given to me (us) to be effective. This guaranty shall remain in force and effect until its revocation by I (we) in writing, but such revocation shall not affect my (our) guaranty obligation due on amounts owed as of the date of revocation. I (we) also agree that this guaranty included payment of all reasonable costs of collection including any court costs and/or attorney's fee and/or other litigation costs incurred in any collection efforts on this account.

John Steele Trucking continued to purchase fuel from Alexander Oil through this open account and timely paid its bills to Alexander Oil.

On September 17, 2008, Shannon formed JST LLC. Shannon filed the formation documentation with the Texas Secretary of State listing herself as the sole managing member of the LLC; John was an employee of the LLC. Shannon went to the courthouse and paid the fee to "have everything changed over to where they're owned by the company [JST LLC]." She changed the insurance and the bank accounts. Shannon had the JST LLC logo, address and TxDOT number

placed on all trucks. In short, JST LLC took over the operations of John Steele d/b/a John Steele Trucking, and John ceased to operate his sole proprietorship. From that point forward, JST LLC purchased the fuel from Alexander Oil. However, no one connected with JST LLC either gave written notice to Alexander Oil that JST LLC had been formed or recalls advising Alexander Oil of the change. It is undisputed that, after the formation of JST LLC, John Steele Trucking, sole proprietorship, did not owe anything on its account with Alexander Oil.

JST LLC began having difficulties making payments on the account to Alexander Oil in December 2009. In late February 2010, Shannon met with Jay Alexander of Alexander Oil to discuss delinquencies on the open account. At this meeting, she informed Alexander Oil for the first time of the existence of JST LLC. After this meeting, on March 1, 2010, Alexander Oil began internally accounting for the open account in a different manner. It began posting invoices and payments after this date to JST LLC, although no new account was opened under the LLC's name. No further payments after this date were applied to the amount owed on the open account before March 1. No one at Alexander Oil informed the Steeles about this different treatment of the account, nor did Shannon or John ask that payments be applied in any other fashion to the account. The bills Shannon received from Alexander Oil continued to reflect a single account, with a single balance owed.

After Shannon's meeting with Jay Alexander, Alexander Oil requested that John and Shannon sign a guaranty and security agreement with Alexander Oil to secure Alexander Oil's business with JST LLC, which they did. In this guaranty, John and Shannon guaranteed "all debt now or in the future" on the open account. Alexander Oil did not ask Rena to sign the guaranty. Around December 20, 2010, Alexander Oil ceased doing business with JST LLC. At that time, pursuant to

4

Alexander Oil's internal accounting documents, JST LLC owed Alexander Oil $102,844.04 for fuel purchased since March 1, 2010. According to Alexander Oil's records, as of March 1, 2010, the debt owed on the open account held by John Steele Trucking totaled $127,608.51. Alexander Oil provided a trial exhibit differentiating between the amounts owed by John Steele d/b/a John Steele Trucking and by JST LLC. The earliest invoice contained in the record in support of the debt for John Steele's sole proprietorship is dated December 21, 2009—over a year after JST LLC took over the business of the sole proprietorship.

Alexander Oil sought payment of the entire amount owed by both John's sole proprietorship and JST LLC from Rena based on her personal guaranty of the open account. When she refused to pay, Jay Alexander proposed that Rena give him the deed to land that she had inherited, he would obtain a loan, and he would return the deed to her when she and Shannon paid off the Alexander Oil debt. Rena refused and Alexander Oil filed suit against John and Shannon, individually and d/b/a John Steele Trucking, JST LLC, and Rena. Rena answered, asserting several affirmative defenses, including material alteration and novation, and a counter-claim for a declaratory judgment. John and Shannon answered and appeared pro se at trial; JST LLC did not appear and defaulted. Rena appeared and was represented by counsel.

Based upon the jury verdict, Rena proposed a take-nothing judgment as to Alexander Oil's guaranty claims against her. Alexander Oil filed objections and a JNOV motion. In this motion, Alexander Oil asserted, *inter alia*, that the answer to jury Question No. 2, material alteration, should be disregarded because the finding is not supported by the evidence.[2] Alexander Oil also asserted that the

---

[2] Alexander Oil also asserted that the answer to Question No. 2 should be disregarded because it is contrary to a prior ruling of the court that "Rena Abel's personal guaranty did not expose her to liability for the debts of John Steele inasmuch as John Steele's liability was for

5

answer to jury Question No. 3, novation, should be disregarded because there is no evidence of an agreement among all parties to accept a new contract.[3]  Rena then filed her own motion for JNOV, seeking to have the trial court disregard the jury's answer to Question No. 1, in which the jury had determined that John owed Alexander Oil $127,608.51.  This question included the following relevant instructions:

> The amount, if any, that John Steele owes is the cumulative charges for fuel delivered by Alexander Oil Company to John Steele, sole proprietorship and John Steele d/b/a John Steele Trucking, and not paid for.
>
> The amount, if any, that John Steele Trucking, LLC owes is the cumulative charges for fuel delivered by Alexander Oil Company to John Steele Trucking, LLC and not paid for.
>
> Limited liability companies such as John Steele Trucking, LLC can only act through their representatives.  A representative of a limited liability company is ***personally*** liable for the obligations of the limited liability company unless the representative satisfies his duty to disclose both (1) he is acting in a representative capacity; and (2) the true identity of the company.

(emphasis added).  Rena asserted in her JNOV motion that, *inter alia*, there was a legal bar to recovery against *her* based on the jury's answer to this question.

---

debts owed to Alexander Oil by virtue of his personal guaranty of the debts of John Steele Trucking, LLC."  In its JNOV motion, Alexander Oil did not identify when or where the trial court made this ruling.  And, on appeal, Alexander Oil appears to have abandoned this argument as a basis for upholding the trial court's judgment.

[3] Alexander Oil relies upon the jury's monetary answers to Question No. 1 as an implicit fact finding that John Steele acted as an agent for an undisclosed principal for JST LLC until March 1, 2010, and the further finding that Alexander Oil did not know of the existence of JST LLC until March 1, 2010.

The trial court heard Alexander Oil's and Rena's JNOV motions[4] and granted Alexander Oil's motion. The trial court signed a written order granting Alexander Oil's motion in part: the trial court disregarded the answer to jury Question No. 2 and stated that "Rena Abel shall not be liable to Alexander Oil under her Personal Guaranty dated February 28, 2006, for any debts, obligations, or liabilities of John Steele Trucking, LLC or Shannon Steele." The trial court signed a final judgment that, as pertains to this appeal, awards Alexander Oil the "aggregate principal sum" of

- $127,608.51 against Rena;

- $102,844.04 against JST LLC and Shannon, individually; and

- $230,452.55 against John Steele, individually.

Shortly after the trial court signed this judgment, Rena timely appealed.

## II. DENIAL OF RENA'S MOTION FOR JNOV

In her second issue, Rena urges that the trial court erred in denying her motion for JNOV in which she sought to have the trial court disregard the jury's answer to Question No. 1 because, *inter alia*, there is a legal bar to Alexander Oil's recovery against *Rena* based on this answer As this issue is dispositive of the appeal, we consider it first.

### A. Standard of Review

We review de novo a trial court's ruling on a motion for JNOV. *Paz v. Molina*, No. 14-11-00664-CV, 2012 WL 2466578, at \*2 (Tex. App.—Houston [14th Dist.] June 28, 2012, no pet.). As is applicable here, a motion for JNOV should be granted when (1) the evidence is conclusive and one party is entitled to

---

[4] These motions were argued at two separate hearings. Alexander Oil's motion was heard on September 25, 2012, and Rena's motion was heard on January 29, 2013.

7

recover as a matter of law, or (2) a legal principle precludes recovery. *Katy Int'l, Inc. v. Jiang*, No. 14-13-00615-CV, —S.W.3d—, 2014 WL 5780406, at *3 (Tex. App.—Houston [14th Dist.] Oct. 21, 2014, no. pet. h.) (citing *JSC Neftegas–Impex v. Citibank, N.A.*, 365 S.W.3d 387, 396 (Tex. App.—Houston [1st Dist.] 2011, pet. denied); *COC Servs., Ltd. v. CompUSA, Inc.*, 150 S.W.3d 654, 662 (Tex. App.—Dallas 2004, pet. denied)).

## B. Application

Rena urges that a legal principle bars recovery against her because she cannot be held liable under her guaranty of John's sole proprietorship for any debts actually incurred by another legal entity—i.e., JST LLC. Resolution of this issue requires us to first examine the law surrounding guaranties and then apply it to Rena's guaranty.

A guaranty agreement creates a secondary obligation whereby the guarantor promises to be responsible for the debt of another and may be called upon to perform if the primary obligor fails to perform. *Wasserberg v. Flooring Servs. of Tex., LLC*, 376 S.W.3d 202, 205–06 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Tenneco Oil Co. v. Gulsby Eng'g, Inc.*, 846 S.W.2d 599, 605 (Tex. App.—Houston [14th Dist.] 1993, writ denied)). To recover under a guaranty contract, a party must show proof of (1) the existence and ownership of the guaranty contract; (2) the terms of the underlying contract by the holder; (3) the occurrence of the conditions upon which liability is based; and (4) the failure or refusal to perform the promise by the guarantor.[5] *Id.* (citing *Lee v. Martin*

---

[5] We note that Alexander Oil did not request any questions or instructions regarding Rena's liability under her guaranty. Rena, however, requested these questions and instructions, but her request was denied by the trial court. She complains of this denial in her fifth issue, which we do not reach because of our resolution of this issue.

*Marietta Materials Sw., Ltd.*, 141 S.W.3d 719, 720–21 (Tex. App.—San Antonio 2004, no pet.)).

According to the rule of *strictissimi juris*, a guarantor may require that the terms of his guaranty be strictly followed, and that the agreement not be extended beyond its precise terms by construction or implication. *Id.* at 206 (citing *McKnight v. Va. Mirror Co.*, 463 S.W.2d 428, 430 (Tex. 1971)). Before we can apply the rule of *strictissimi juris*, however, we must examine the terms of the guaranty based on the language of the contract. *Id.* (citing *Fed. Deposit Ins. Co. v. Attayi*, 745 S.W.2d 939, 943–44 (Tex. App.—Houston [1st Dist.] 1988, no writ)). The interpretation of a guaranty is a question of law we review de novo. *Id.* (citing *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 423 (Tex. 2000)).

Rena's personal guaranty, quoted in its entirety above, was quite short, consisting of only four sentences. In it, she personally guaranteed "full and prompt payment to Alexander Oil Company of all amounts due by **Company** [John's sole proprietorship] to Alexander Oil Company." (emphasis added). Most important to our resolution of this issue, Rena did not guaranty John's obligations to Alexander Oil as an individual, only his obligations as a sole proprietor. *See First Interstate Bank of Tex., N.A. v. Turner*, 791 S.W.2d 179, 181 (Tex. App.—Texarkana 1990, writ denied) (providing that guarantor who signed guaranty for corporation was only liable for obligations of corporation, not for obligations incurred by individual of same name as corporation or any other entity); *Marshall v. Ford Motor Co.*, 878 S.W.2d 629, 631–32 (Tex. App.—Dallas 1994, no writ) (concluding that appellants were not liable for obligations to Ford Motor Company when they specifically guaranteed obligations to Ford Marketing Corporation).

This distinction is important here, because in Question No. 1, the jury was instructed, as described above, that John, a representative of JST LLC, was

*personally* liable for the obligations of JST LLC if he failed to inform Alexander Oil that he was acting in a representative capacity and the true identity of the company for which he was acting. In other words, Question No. 1 included instructions on John's liability as an agent for an undisclosed principal. *Cf. Latch v. Gratty, Inc.*, 107 S.W.3d 543, 546 (Tex. 2003) (per curiam) (providing that an agent who signs a contract on behalf of an undisclosed principal is liable on the contract).

The jury's answer to this question, together with the undisputed evidence, establish that John was found liable solely as an agent for an undisclosed principal: it is undisputed that JST LLC was formed in September 2008 and thereafter, it began using the Alexander Oil account to purchase fuel. As noted above, the earliest invoice contained in our record indicating a balance owed by any of the parties is from December 21, 2009. The latest invoice for which John's sole proprietorship was shown owing any amount due was dated before March 4, 2010. Thereafter, the invoices in the record all indicate that JST LLC was the party owing, and the jury's damages answers to Question No. 1 indicate that it agreed with this split in damages. Thus, John was only found *personally* liable as an agent for an undisclosed principal; there is no evidence to support a finding that John's sole proprietorship owed any amount to Alexander Oil whatsoever. And under the terms of her guaranty, Rena was absolutely and completely liable, on a continuing basis, for *only* the obligations of John Steele, sole proprietorship.

Here, Rena urges that a legal principle bars Alexander Oil's recovery against her based on the jury's answer to Question No. 1. The undisputed evidence establishes that the finding of damages against John *only* includes amounts for which John is liable as an agent for JST LLC. Thus, there is a legal bar to Alexander Oil's recovery of this amount from Rena: Rena only guaranteed the

debt of John's sole proprietorship. No other question or evidence establishes that Rena owes Alexander Oil any amount of money whatsoever. Thus, as a matter of law, Alexander Oil is precluded from recovery against Rena. The trial court erred by denying her motion for JNOV. *See Katy Int'l, Inc.*, 2014 WL 5780406, at *3. We thus sustain Rena's second issue.[6]

## III. CONCLUSION

We have sustained Rena's second issue relating to the denial of her JNOV. As a matter of law, Alexander Oil may not recover against Rena under her guaranty of John's sole proprietorship for the debts of JST LLC. Accordingly, we reverse that portion of the judgment awarding damages to Alexander Oil against Rena and render judgment that Alexander Oil take nothing against her. In all other respects, the trial court's judgment is affirmed.


/s/         Sharon McCally
              Justice


Panel consists of Justices McCally, Busby, and Donovan.

---

[6] Our resolution of this issue makes it unnecessary to address the remainder of Rena's issues. *See* Tex. R. App. P. 47.1.

11