

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00135-CV

PERSIMMON RIDGE PARTNERS EO, L.P, RUSS VANDENBURG,
AND MARTHA VANDENBURG, APPELLANTS

V.

FANNIE MAE, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 64645A, Honorable Dan L. Schaap, Presiding

August 9, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Fannie Mae sued appellants Persimmon Ridge Partners EO, LP (PRP) and Russ Vandenburg and Martha Vandenburg for recovery of a deficiency balance remaining on an indebtedness following the sale of collateral. The trial court rendered summary judgment for Fannie Mae. We will affirm the judgment of the trial court.

Background

Fannie Mae held a note in the original principal amount of $7,212,000 made by PRP, the owner of an Amarillo apartment complex. The note was secured by a deed of

trust on the complex property. The terms of the note generally limited Fannie Mae's recourse on default to sale of the collateral. But a provision created "personal" liability in PRP on the voluntary or involuntary transfer of an interest in the property. Under a "key principals' agreement," the Vandenburgs assumed personal liability for the payment of any amount for which PRP became liable.[1]

In 2010, PRP contracted with C&K Paving Contractors, Inc. to repave the apartment complex's parking lot. C&K subcontracted with Pavement Services Corporation for the work. After completing the work Pavement Services filed a

---

[1] Sections of the loan documents relevant to the analysis include the following:

Key Principal Agreement: "[The Vandenburgs] absolutely, unconditionally and irrevocably agree[] to pay [Fannie Mae], on demand, all amounts for which [PRP] is personally liable under Paragraph 9 of the [note] . . . ."

Paragraph 9(c) of the Note: "[PRP] shall become personally liable to [Fannie Mae] for the repayment of all of the Indebtedness upon the occurrence of any of the following Events of Default . . . (2) a Transfer that is an Event of Default under Section 21 of the [deed of trust]."

Section 21(a) of the Deed of Trust: "The occurrence of any of the following events shall constitute an Event of Default under this Instrument (1) a Transfer of all or any part of the Mortgaged Property or any interest in the Mortgaged Property . . . ."

Deed of Trust, § 1(z) "Transfer" means . . . the granting, creating or attachment of a lien, encumbrance or security interest (whether voluntary, involuntary or by operation of law) . . . ."

Deed of Trust, § 16: "[PRP] acknowledges that, to the extent provided in Section 21, the grant, creation or existence of any mortgage, deed of trust, deed to secure debt, security interest or other lien or encumbrance (a 'Lien') on the [property] (other than the lien of this Instrument) or on certain ownership interests in [PRP], whether voluntary, involuntary or by operation of law, and whether or not such Lien has priority over the lien of this Instrument, is a 'Transfer' which constitutes an Event of Default[.]"

Deed of Trust, § 21(b) The occurrence of any of the following events shall not constitute an Event of Default under this Instrument, notwithstanding any provision of Section 21(a) to the contrary . . . (6) the creation of a tax lien or a mechanic's, materialman's or judgment lien against the [property] which is bonded off, released of record or otherwise remedied to [Fannie Mae's] satisfaction within 30 days of the date of creation[.]"

2

mechanic's and materialman's lien affidavit with the county clerk claiming a lien securing payment for work it performed during July 2010. It is undisputed that part of Pavement Service's work was performed in June 2010. In 2012, two other subcontractors filed lien affidavits for work they performed at the property. The total amount of the three claims was $275,694.05.

A November 2011 fire at the property caused the loss of twenty-four apartments. In January 2012 PRP stopped making monthly payments on the note. The property was sold through foreclosure in April 2012 to Fannie Mae for a bid of $7,121,552.71. Thereafter, a deficiency of $1,933,046.68 remained.

Fannie Mae filed suit against appellants for recovery of the deficiency, alleging the three mechanic's and materialman's liens were transfers of an interest in the property under the loan documents, triggering the liability of PRP and the Vandenburgs. Appellants disputed the claim, contending a transfer of an interest in the property did not occur because the liens were not properly perfected. The parties filed cross-motions for summary judgment on this issue. The trial court granted Fannie Mae's motion and denied appellants' motion.

Analysis

Appellants present three issues supporting their contention the trial court erred by granting summary judgment for Fannie Mae. They do not challenge the denial of their summary judgment motion. Their first issue rests on the premise that no valid lien

attached to the property.[2]  We will overrule the issue because, after review of the record, we cannot agree with appellants' premise.  Contrary to appellants' argument, we find Pavement Services' notice and lien affidavit complied with the Texas Property Code and that company's lien attached to the property.

Pavement Services began work under its subcontract on June 28, 2010, and finished the work on July 2.  Pavement Services logged 387.5 man hours and 267.5 hours of equipment use during June and 272.5 man hours and 185.5 equipment hours during July.

A September 10, 2010 notice to PRP and C&K from the attorney for Pavement Services stated unpaid billings for the paving work totaled $166,312.  Attached to the correspondence was an invoice dated July 7, 2010, which described the work performed and stated the amount due at that time was $226,312.

Pavement Services filed its affidavit of mechanic's and materialman's lien on September 22.  According to the affidavit, the amount claimed was $166,312 for work performed in July 2010.

An appellate court reviews a summary judgment de novo.  *Henkel v. Norman,* 441 S.W.3d 249, 250 (Tex. 2014) (per curiam).  A plaintiff moving for summary judgment on its own claim must conclusively prove each essential element of its cause of action.  *Rhône-Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex. 1999).  When parties file cross-motions for summary judgment on overlapping issues, and the trial court grants one motion and denies the other, a reviewing court considers the summary

---

[2] Fannie Mae responds that under the loan documents an unperfected lien nevertheless is an "encumbrance" constituting a transfer.  Because of the disposition we reach, it is unnecessary to address this question.

4

judgment evidence supporting both motions and "render[s] the judgment the trial court should have." *Merriman v. XTO Energy, Inc.,* 407 S.W.3d 244, 248 (Tex. 2013).

Here Fannie Mae's summary judgment burden included conclusively proving all facts necessary to establish the liability of PRP and the Vandenburgs under the loan documents. To recover on the breach of a guaranty agreement, the plaintiff must establish (1) the existence and ownership of the guaranty; (2) the terms of the underlying contract by the holder; (3) the occurrence of the condition on which liability is based; and (4) the guarantor's failure or refusal to perform the promise. *Lee v. Martin Marietta Materials Sw., Ltd.*, 141 S.W.3d 719, 720-21 (Tex. App.—San Antonio 2004, no pet.).

Appellants argue that Pavement Services' lien affidavit was not valid because it did not state the work was performed during both June and July 2010. Their brief states, "Failure to state the months in which work was performed and materials furnished is fatal to a lien claim."

Property Code section 53.054 reads, in part:

(a) The affidavit must be signed by the person claiming the lien or by another person on the claimant's behalf and must contain substantially:
. . .
(3) a general statement of the kind of work done and materials furnished by the claimant and, for a claimant other than an original contractor, a statement of each month in which the work was done and materials furnished for which payment is requested[.]

TEX. PROP. CODE ANN. § 53.054 (West 2014); *see* TEX. PROP. CODE ANN. § 53.052(a) (West 2014) (requiring filing of affidavit).

5

In support of their contention appellants cite *Milner v. Balcke-Durr, Inc.,* No. 03-05-00547-CV, 2006 Tex. App. LEXIS 6935 (Tex. App.—Austin Aug. 4, 2006, no pet.) (mem. op.). The court in *Milner* affirmed a judgment in favor of a contractor and surety where a subcontractor's affidavit "did not reference the months in which work was performed" and on appeal the subcontractor did not challenge this ground, raised in the trial court, for the grant of summary judgment. 2006 Tex. App. LEXIS 6935, at *8-9. Here, however, Pavement Services' affidavit stated the month in which its work was performed for which it sought payment, the month of July 2010. That is all section 53.054 requires.

Appellants also rely on *LTF Real Estate Co. v. D&D Util. Supply, LLC,* No. 01-11-00244-CV, 2013 Tex. App. LEXIS 2978 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (mem. op.). As in *Milner*, the vendor of materials in *LTF Real Estate* filed lien affidavits that omitted the required statement of the months it furnished materials for which it sought payment. 2013 Tex. App. LEXIS 2978, at *26-27 (claimant "did not, anywhere in the affidavit, set forth 'a statement of each month in which the work was done and materials furnished for which payment is requested'"); *id.* at *41 ("affidavit, contrary to section 53.054(a)(3), did not set forth the months that [vendor] delivered the materials to [subcontractor] for which it remained unpaid").[3] Because Pavement

---

[3] The court in *LTF Real Estate* cited *Milner* and stated its holding "that an affidavit that did not reference the months in which work was performed and for which payment was being demanded did not comply with chapter 53." It went on to state, "We agree with the reasoning set forth in *Milner* and conclude that information pertaining to the months for which the claimant is seeking to recover unpaid balances for materials delivered is an essential part of the affidavit." 2013 Tex. App. LEXIS 2978, at *41. Pavement Services' affidavit stated the month for which it sought to recover unpaid balances, the month of July 2010.

6

Services' affidavit did not omit that required information, *LTF Real Estate* does not aid appellants.

Relying on Property Code section 53.056(b),[4] appellants also argue Pavement Services' September 10 notice to the owner PRP and the original contractor C&K was untimely as to work performed in June 2010. We do not disagree, but are unable to see the significance of the argument. Nothing in the September 10 notice indicates Pavement Services sought payment for work performed in June 2010. The claimed balance stated in the notice is significantly less than the amount invoiced on July 7 and the notice states the "claim amount" of $166,312 "reflects the application of payments made." There is no dispute the notice was timely for any labor performed or materials delivered in July 2010. *See LTF Real Estate,* 2013 Tex. App. LEXIS 2978, at *19-20; *Wesco Distrib., Inc. v. Westport Group, Inc.,* 150 S.W.3d 553 (Tex. App.—Austin 2004, no pet.) (applying section 53.056).

As against appellants' contentions, we find Pavement Services' notice and lien affidavit met the statutory requirements, and its lien attached to the property. Because the lien was not timely "bonded off," released, or remedied to the satisfaction of Fannie Mae, a transfer of interest in the property occurred. This was a default which, under the provisions of the loan documents, gave rise to appellants' liability.

## Conclusion

Finding the summary judgment record contains conclusive proof of an event triggering the personal liability of PRP and the Vandenburgs, we overrule appellants'

---

[4] TEX. PROP. CODE ANN. § 53.056(b) (West 2014).

first issue. Review of their second and third issues is unnecessary to the disposition of the appeal. TEX. R. APP. P. 47.1. The judgment of the trial court is affirmed.


James T. Campbell
Justice